No. 19-15128

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

STEVE WILSON BRIGGS,
*Plaintiff-Appellant*,

v.

KEVIN SPACEY, et al.
*Defendants-Appellees.*

_____

Appeal from The United States District Court
for the Northern District of California
Case No. 3:18-cv-04952-VC
The Honorable Vince Chhabria

_____

## ANSWERING BRIEF OF APPELLEES MRC II DISTRIBUTION
## COMPANY, LP, MORDECAI WICZYK, ASIF SATCHU, SONY
## PICTURES ENTERTAINMENT, INC., AND ARIEL EMANUEL

_____

Michael J. Kump (SBN 100983)
Gregory P. Korn (SBN 205306)
Kate Mangels (SBN 301811)
KINSELLA WEITZMAN ISER KUMP &
ALDISERT LLP
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
(310) 566-9800

Attorneys for Defendants and Appellees
MRC II Distribution Company, LP, Mordecai Wiczyk, Asif Satchu, Sony Pictures
Entertainment, Inc., and Ariel Emanuel

/634612

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1, Appellee MRC II

Distribution Company, LP hereby states hereby states that it has no parent

corporations and that no publicly held corporation owns 10% or more of its stock.

Pursuant to Federal Rule of Appellate Procedure 26.1, Appellee Sony

Pictures Entertainment Inc. hereby states that it is an indirect subsidiary of Sony

Corporation and that no other publicly held corporation owns 10% or more of its

stock.

DATED: May 28, 2019   KINSELLA WEITZMAN ISER KUMP &
         ALDISERT LLP


        By: */s/ Gregory Korn*
          Gregory Korn
          Attorneys for Defendants and Appellees
          MRC II Distribution Company, LP,
          Mordecai Wiczyk, Asif Satchu, Sony
          Pictures Entertainment, Inc., and Ariel
          Emanuel

# **TABLE OF CONTENTS**

JURISDICTIONAL STATEMENT ........................................................1

ADDITIONAL ISSUES PRESENTED FOR REVIEW ...........................1

STANDARD OF REVIEW ................................................................2

STATEMENT OF THE CASE...........................................................2

STATEMENT OF FACTS ................................................................6

    A.    Briggs Lost His Copyright Claims In The Copyright Action. ..............6

    B.    Briggs's Allegations Challenging The Conduct Of The Parties And Court In The Copyright Action. ...................................................7

        1.    Allegations Of Wrongdoing By Defendants In The Copyright Action.......................................................8

        2.    Claims Of Error By The District Court In The Copyright Action.........................................................11

        3.    Claims Of Spoliation Of Evidence By The Defendants Named In The Copyright Action. ..............................11

    C.    Briggs Is Disguising His Failed Copyright Claim By Relabeling It With The Names Of Other Torts. ...................................................12

        1.    Briggs's Only Alleged Harm Is The Purported Infringement Of His Screenplay And The Loss Of The Copyright Action......................................................13

        2.    The Primary Remedy Sought By Briggs Is For The Infringement Of His Screenplay. ..............................14

        3.    Allegations Within The Complaint's Causes Of Action Show That Briggs Is Rehashing His Copyright Claim............15

SUMMARY OF THE ARGUMENT ....................................................16

ARGUMENT ...............................................................................19

    A.    Briggs's Claims Are Barred By Res Judicata. ...................................19

i

B.     Briggs's Claims Are Barred By Collateral Estoppel. .........................24

C.     Briggs's Claims Are Barred By The "Collateral Attack" Doctrine. ...............................................................................26

CONCLUSION ......................................................................................28

CERTIFICATE OF COMPLIANCE .....................................................29

STATEMENT OF RELATED CASES ..................................................30

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES</u>

*Advocare Intern., L.P. v. Scheckenbach*,
    2010 WL 2196449 (W.D. Wash. May 27, 2010) .........................................27

*Briggs v. Blomkamp*,
    70 F. Supp. 3d 1155 (N.D. Cal. 2014)................................................. passim

*Briggs v. Sony Pictures Entm't, Inc.*,
    2018 WL 3391694 (U.S. Oct. 1, 2018) ......................................................3, 7

*Briggs v. Sony Pictures Entm't, Inc.*,
    714 F. App'x 712 (9th Cir. 2018)..............................................................3, 7

*Celotex Corp. v. Edwards*,
    514 U.S. 300 (1995).....................................................................................26

*Chao v. A–One Med. Servs., Inc.*,
    346 F.3d 908 (9th Cir.2003) .......................................................................22

*Drawsand v. F.F. Properties, L.L.P.*,
    866 F. Supp. 2d 1110 (N.D. Cal. 2011)......................................................21

*Edwards v. Marin Park, Inc.*,
    356 F.3d 1058 (9th Cir. 2004) ......................................................................2

*Gable v. National Broadcasting Co.*,
    727 F. Supp. 2d 815 (C.D. Cal. 2010)..........................................................9

*Headwaters Inc. v. U.S. Forest Serv.*,
    399 F.3d 1047 (9th Cir. 2005) ....................................................................19

*Henry v. Farmer City State Bank*,
    808 F.2d 1228 (7th Cir. 1986) ....................................................................21

*In re Schimmels*,
    127 F.3d 875 (9th Cir.1997) .......................................................................19

*K.H. v. Olympia School District*,
    726 Fed. Appx. 599 (9th Cir. 2018) ...........................................................20

*Masson v. New Yorker Magazine, Inc.*,
    85 F.3d 1394 (9th Cir. 1996) ......................................................................25

*Mpoyo v. Litton Electro-Optical Sys.*,
    430 F.3d 985 (9th Cir. 2005) ................................................. 17, 20, 21, 22

*Mullis v. U.S. Bankr. Ct., Dist. of Nev.*,
    828 F.2d 1385 (9th Cir. 1987) ....................................................................27

iii

*Owens v. Kaiser Foundation Health Plan, Inc.*,
  244 F.3d 708 (9th Cir. 2001) ........................................................21

*Parklane Hosiery Co. v. Shore*,
  439 U.S. 322 (1979) ............................................................... 24, 25

*Rein v. Providian Fin. Corp.*,
  270 F.3d 895 (9th Cir. 2001) ........................................................26

*Ringegard-Guirma v. Ocwen Loan Servicing, LLC*,
  2016 WL 4257765 (D. Or. Aug. 19, 2016) ..................................27

*Robi v. Five Platters, Inc.*,
  838 F.2d 318 (9th Cir. 1988) ........................................................24

*Segal v. American Tel. & Tel. Co.*,
  606 F.2d 842 (9th Cir. 1979) ........................................................24

*Spector v. El Ranco, Inc.*,
  263 F.2d 143 (9th Cir. 1959) ........................................................21

*State Farm Mut. Auto Ins. Co. v. Industrial Pharmacy*,
  2009 WL 2448474 (D. Haw. Aug. 11, 2009) ...............................26

*U.S. ex rel. Ali v. Daniel, Mann, Johnson & Mendenhall*,
  355 F.3d 1140 (9th Cir. 2004) ......................................................26

*Uptergrove v. U.S.*,
  2009 WL 1035231 (E.D. Cal. Apr. 17, 2009) ..............................26

*Western Radio Servs. Co. v. Glickman*,
  123 F.3d 1189 (9th Cir. 1997) ......................................................21


## **STATUTES**

17 U.S.C. § 504 ............................................................... 4, 14, 22

17 U.S.C. § 505 ...........................................................................14

28 U.S.C. § 1291 ...........................................................................1

28 U.S.C. § 1331 ...........................................................................1

28 U.S.C. § 1338(a) .......................................................................1

28 U.S.C. § 1367 ...........................................................................1

Fed. R. App. P. 32(a)(7)(C) ........................................................29

Fed. R. Civ. P. 12(b)(6).................................................................2

Fed. R. Civ. P. 37 ..........................................................................8

Fed. R. Civ. P. 60 ..................................................................................5

Ninth Circuit Rule 28-2.6 .....................................................................30

Ninth Circuit Rule 32-1 ........................................................................29

## JURISDICTIONAL STATEMENT

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is an action by Plaintiff and Appellant Steve Wilson Briggs ("Briggs") for copyright infringement. The District Court had supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367. This Court has jurisdiction pursuant to 28 U.S.C. § 1291, as this is an appeal from a final decision of the District Court dismissing the Complaint in favor of Defendants and Appellees ("Defendants") and disposing of all claims. Plaintiff's notice of appeal from the District Court's December 22, 2018 order was timely filed on January 22, 2019.

## ADDITIONAL ISSUES PRESENTED FOR REVIEW

Defendants present the following additional issues for review:

1.      Whether the District Court properly dismissed Briggs's Complaint under the claim preclusion and issue preclusion doctrines, given that each of Briggs's claims—irrespective of how they were styled—were blatant collateral attacks on the final judgment in a preceding copyright infringement case filed by Briggs, and sought the *same relief* that Briggs had sought in that prior case?

2.      Whether the District Court's order of dismissal is properly affirmed, alternatively, pursuant to the collateral attack doctrine, because Briggs's Complaint effectively seeks a "horizontal appeal" from the preceding copyright infringement

case by challenging the discovery conduct of the defendants in that case and

attacking the merits of the district court's grant of summary judgment of Briggs's

copyright claim?

## STANDARD OF REVIEW

This Court reviews de novo the District Court's grant of a motion to dismiss

pursuant to Fed. R. Civ. P. 12(b)(6). *Edwards v. Marin Park, Inc.*, 356 F.3d 1058,

1065 (9th Cir. 2004).

## STATEMENT OF THE CASE

Plaintiff and Appellant Steve Wilson Briggs ("Briggs") is a serial *pro se*

litigant whose cavalier and irresponsible accusations of conspiracy now ensnare

the Honorable Vincent Chhabria, whom Briggs accuses of dismissing the

underlying lawsuit because Briggs "is a minority,"[1] and because, for some

unexplained reason, the Court wanted the dismissal to help Defendant Kevin

Spacey in an unrelated criminal proceeding in Massachusetts.[2] Needless to say,

there is a simpler explanation: the District Court in this matter dismissed Briggs's

action because it is frivolous and a blatant, improper attempt on his part to re-

litigate a failed copyright infringement claim (the "Copyright Action") that was

adjudicated against him on summary judgment in *Briggs v. Blomkamp*, 70 F. Supp.

---

[1] *See* Appellant's Corrected Brief ("App. Br."), p. 3.

[2] *See* App. Br., p. 3 (asserting that the district court's "'Saturday Order' has the unseemly appearance of being coordinated to assist Def Kevin Spacey's criminal case").

2

3d 1155 (N.D. Cal. 2014), affirmed by *Briggs v. Sony Pictures Entm't, Inc.*, 714 F.
App'x 712 (9th Cir. 2018), cert. denied *Briggs v. Sony Pictures Entm't, Inc.*, 2018
WL 3391694, at *1 (U.S. Oct. 1, 2018).

In the Copyright Action, also filed in the Northern District of California,
Briggs contended that the motion picture *Elysium* ("Film") infringed a screenplay
that he had written and posted online. That prior action named several of the same
defendants who are named in this case, and who were involved in some way in the
Film, including Neill Blomkamp, the writer and director of *Elysium*; MRC II
Distribution Company, LP ("MRC"), the producer of the Film; and Sony Pictures
Entertainment ("Sony"), the distributor of the Film. The Copyright Action, the
Honorably Phyllis Hamilton presiding, was summarily adjudicated against Briggs
on the bases that there was no evidence that any of the defendants accessed his
screenplay, and that the two works at issue were not substantially similar as a
matter of law even had there been access. *Briggs*, 70 F. Supp. 3d at 1166-1178.

Unwilling to accept the adverse result in the Copyright Action, Briggs has
now sought *twice* to collaterally attack the final judgment in that Action through
subsequent cases filed in the Northern District. The first, as discussed more below,
was dismissed on jurisdictional grounds. This, the second action, was dismissed on
its merits on the basis that it is an impermissible collateral attack on the judgment

3

in the Copyright Action that is barred under the collateral attack, claim preclusion, and issue preclusion doctrines.

Briggs persists in denying that this action was an attempt by him to challenge the result in the Copyright Action, but his pleadings and briefs demonstrate that it is precisely that. In his Complaint here, Briggs avoids pleading an express cause of action that *Elysium* infringed his screenplay; but nevertheless, it is clear from the allegations of the Complaint that the contract and tort claims it asserts are merely disguises for Briggs's attacks on (1) several supposedly erroneous rulings that the District Court made in summarily adjudicating his copyright claim, and (2) the conduct of Blomkamp, MRC, and Sony during the Copyright Action. In fact, irrespective of how Briggs has styled his causes of action, the one and only harm he alleges in his Complaint is that the defendants have impeded his "ability to defend his copyright protected property," and have "cheat[ed] the judicial process … in *Briggs v Blomkamp*," thereby "result[ing] in the Plaintiff losing substantial, rightful damages" in that case. (Appellees' Excerpts of Record ("ER"), p. 1327 (Compl., ¶ 185).) Further, the remedy that Briggs seeks by virtue of these "new" claims is the disgorgement of profits on *Elysium*. That is the *same remedy* he sought in the Copyright Action, and a remedy that would only be available to Briggs, if at all, on a copyright claim pursuant to 17 U.S.C. § 504.

Briggs's opening brief in this appeal likewise reveals that this case is an improper collateral attack on the Copyright Action. Briggs repeatedly cites Fed. R. Civ. P. 60 and presents this action as his effort to obtain relief under that rule. *See*, *e.g.*, App. Br., pp. 6, 11, 18. Of course, this action is not the proper means to invoke Rule 60. But regardless, the fact that Briggs invokes Rule 60 is proof positive that this lawsuit here is seeking relief from the adverse judgment in the Copyright Action.

Briggs's filing of this case effectively sought a "horizontal appeal" of the Copyright Action from another district judge. The action was clearly barred by the "collateral attack" and res judicata doctrines as to those parties who were named in the previous action. For those parties not named, the action was indisputably barred by the doctrine of non-mutual collateral estoppel, because the final determination in the Copyright Action that Briggs's screenplay and *Elysium* are not substantially similar as a matter of law precludes the claims that Briggs asserts and the relief he seeks in this case. For these and the additional reasons discussed herein, Defendants and Appellees MRC II Distribution Company LP (erroneously sued as "MRC"), Sony Pictures Entertainment Inc. ("Sony), Mordecai Wiczyk, Asif Satchu, and Ariel Emanuel (collectively, "Defendants") respectfully request that the Court affirm the district court's dismissal in its entirety.

## STATEMENT OF FACTS

### A.    Briggs Lost His Copyright Claims In The Copyright Action.

In 2013, Briggs filed an action for copyright infringement in the Northern

District of California entitled *Steve Wilson Briggs v. Neill Blomkamp, et al.*, N.D.

Cal. Case No. 13-CV-4679-PJH ("Copyright Action"). (ER 184 *et seq.*) In the

Copyright Action, Briggs alleged that the feature film *Elysium* (starring Matt

Damon and Jodie Foster) infringed a screenplay he wrote entitled "Butterfly

Driver." The suit named, among others, Neill Blomkamp, the writer and director of

*Elysium*; Sony Pictures, the distributor of *Elysium*; and "Media Rights Capital," the

producer of *Elysium*, sued here as "MRC." (ER 184, 186.) Briggs alleged in the

Copyright action that these defendants must have accessed his screenplay "on

Kevin Spacey's and Dana Brunetti's filmmaker-screenwriter website, 'Trigger

Street' (triggerstreet.com) … designed to link filmmakers and screenwriters with

industry professionals." (ER 187.) The district court, the Honorable Phyllis

Hamilton presiding, granted summary judgment of the case in its entirety, finding

no genuine issues of either access or substantial similarity. *See Briggs v.*

*Blomkamp*, 70 F. Supp. 3d 1155, 1165-1177. This Court affirmed, agreeing that

Plaintiff "failed to raise a genuine dispute of material fact as to whether defendants

accessed his screenplay Butterfly Driver, or whether Briggs's screenplay and

defendants' film Elysium are either strikingly or substantially similar." *See Briggs*

*v. Sony Pictures Entm't, Inc.*, 714 F. App'x 712, 713 (9th Cir. 2018); *see also* ER 541(Request for Judicial Notice ("RJN") of Ninth Circuit's *Briggs* opinion). The Supreme Court denied certiorari. *See Briggs v. Sony Pictures Entm't, Inc.*, 2018 WL 3391694, at *1 (U.S. Oct. 1, 2018), *see also* ER 541.

**B.    Briggs's Allegations Challenging The Conduct Of The Parties And Court In The Copyright Action.**

In 2017, Plaintiff filed a complaint that is essentially identical to the Complaint in this case, in a matter entitled *Steve Wilson Briggs v. Universal Pictures, et al.*, N.D. Cal. Case No. 17-cv-06552-VC (the "Second Action"). That action was dismissed without prejudice for lack of subject matter jurisdiction.[3] Briggs then commenced this action by re-filing his complaint from the Second Action with immaterial changes to some of the named defendants and causes of action. (ER 1288 *et seq.*)

While much of the Complaint is unintelligible in that it has nothing to do with Briggs or any harm he claims to have suffered, Briggs essentially asserts allegations falling within three categories:

---

[3] *See Steve Wilson Briggs v. Universal Pictures, et al.*, N.D. Cal. Case No. 17-cv-06552-VC, Dkt. No. 76. The sole basis for subject matter jurisdiction in that Second Action was a copyright claim asserted against Kevin Spacey and Dana Brunetti; all other claims were state claims reliant on the district court's supplemental jurisdiction. When Briggs was unable to demonstrate proper service of process on either Messrs. Spacey or Brunetti, the sole basis for jurisdiction was lost, and the district court dismissed the action without prejudice. *See id.*

### 1.  Allegations Of Wrongdoing By Defendants In The Copyright Action.

Briggs's Complaint in this case first makes a number of accusations that the defendants in the Copyright Action committed wrongs there. He alleges that the defendants were guilty of several discovery abuses. (ER 1292-1293 (alleging that defendants "conspired to access and misappropriate the Plaintiff's screenplay" and "conspired to deceive the Court and cheat justice by providing false statements and submitting falsified documents and failing to properly participate in discovery"), ER 1295 ("In furtherance of their efforts to cheat the judicial process and deceive the Court, during *Briggs v. Blomkamp's* discovery proceedings, the Defendants failed to make a central party available for discovery, in willful effort to suppress evidence."), ER 1321 ("Additionally, during *Briggs v. Blomkamp* discovery, the Defendants willfully suppressed evidence and violated Rule 37, by failing to have one of their employees … respond to an interrogatory."); ¶ 168 ("Further, during discovery in *Briggs v. Blomkamp*, the Plaintiff asked the Defendants for all documentation of their due diligence to make sure Elysium was not an infringement. The Defendants did not, would not, and could not produce[ ] such documentation."); ER 1332 (alleging that defendants "made false statements in their interrogatory answers" in the Copyright Action).)

Relatedly, Briggs alleged in his Complaint here that the defendants in the Copyright Action wrongfully retained a literary expert named Jeff Rovin. Mr. Rovin is an established literary expert who had been qualified as an expert in prior copyright cases. *See, e.g.*, *Gable v. National Broadcasting Co.*, 727 F. Supp. 2d 815, 837 (C.D. Cal. 2010) ("… Rovin has significant knowledge and experience in the literary field to render an opinion on whether the expressive elements of [the works] are substantially similar."). In the Copyright Action, Mr. Rovin testified via declaration in support of the defendants' summary judgment motion that the handful of similarities that Briggs believed existed between his screenplay and *Elysium* were merely generic, stock ideas that were very common in science fiction comics, films, and television shows; and the district court credited Mr. Rovin's testimony. *See Briggs*, 70 F. Supp. 3d at 1177-1178.

Mr. Rovin is a lightning rod for Briggs's conspiratorial thinking. Briggs alleges in his Complaint that after the Copyright Action concluded, he learned that Mr. Rovin had operated as a self-proclaimed media "fixer" for President Bill Clinton. (ER 1326, Compl., ¶ 178 ("Two years <u>after</u> Briggs v. Blomkamp went to appeals …, Rovin confessed to the *National ENQUIRER*, then confessed (on Fox News' telecast of ***Hannity***, Oct 24, 2016, hosted by Sean Hannity) that he was a professional 'fixer' for president Bill Clinton, during Clinton's presidency."). According to Briggs, Mr. Rovin's prior work for President Clinton disqualified

9

him as an expert, and he accuses the defendants in the Copyright Action of defrauding the district court by hiring Mr. Rovin and submitting his report in support of summary judgment. (ER 1326 (stating in heading that defendants "hired an 'expert,' who falsified his report"), ER 1290 (alleging the defendants "hired Rovin to falsify (fix) his report, and cheat the judicial process" in the Copyright Action), ER 1295 (alleging that "[a]nother of the many troubling aspects of this matter is the fact that the Defs hired as their *expert* witness in *Briggs v. Blomkamp*, a man named Jeff Rovin, who, two years after the matter moved to appeals, confessed on Fox News' *Hannity* show … that he was a 'fixer' for President Bill Clinton."); ER 1295 ("The Defendants paid Rovin to provide a falsified ('fixed') expert report, to cheat justice and win a judgment in the Defendants' favor."); ER 1326 ("In *Brigg[s] v. Blomkamp*, the Defendants paid Jeff Rovin $50,000 as a 'fixer', to use his literary talents to lie, falsify and commit fraud. Rovin's fraud was so extensive that the Plaintiff moved the court to exclude Rovin's expert report …."); ER 1327 (alleging that defendants' "efforts to cheat the judicial process (hiring fixer, etc.) in *Briggs v Blomkamp*, resulted in the Plaintiff losing substantial, rightful damages"); ER 1332 (referring to "falsified expert report").)

These claims concerning the defendants' hiring of Mr. Rovin in the Copyright Action are repeated throughout Briggs's opening brief. *See*, *e.g.*, App. Br., p. 11 (asserting that "Jeff Rovin, the Defendants' expert witness in *Briggs v.*

*Blomkamp*, appeared on Fox News' *Sean Hannity Show*, to admit that he was President Bill Clinton's personal *fixer*," and that "the Defendants hired an elite fixer—a professional liar—and proffered him to the court as an *expert*").

### 2. Claims Of Error By The District Court In The Copyright Action.

Briggs's second "bucket" of claims concern supposed errors committed by the district court in the Copyright Action. Briggs alleges in his Complaint that the district court erred in refusing to exclude Jeff Rovin's testimony. (ER 1289 ("Plaintiff moved to exclude Rovin's report due gross falsification. The Motion was inexplicably denied."), ER 1295 (protesting the denial of motion to exclude Mr. Rovin).) He further alleges that district court committed legal errors in granting summary judgment. (ER 1289 (alleging the Copyright Action "was apt to be remanded back to the District Court because the District ruling relied on subordinate (reversed) law").)

### 3. Claims Of Spoliation Of Evidence By The Defendants Named In The Copyright Action.

Briggs's third category of claims concerns the www.triggerstreet.com website. This is the website where Briggs claims the writer of *Elysium* must have accessed his screenplay. (ER 187-188.) In this action, Briggs accuses all of the defendants of conspiring to shut down triggerstreet.com in order to destroy

evidence that his screenplay had been accessed there.[4] (ER 1295 (alleging that "6 days after Plaintiff filed his Notice of Appeal (*Briggs v. Blomkamp*), … the Defs surreptitiously closed TS, after 12 years, to destroy incriminating evidence"); ER 1332 ("Defendant conspired to shut-down and destroy the TS social network—to destroy the place of access (re *Briggs v Blomkamp*)".)

## C. Briggs Is Disguising His Failed Copyright Claim By Relabeling It With The Names Of Other Torts.

Briggs did not expressly re-plead a claim for infringement of his screenplay by *Elysium*. Instead, against the instant Defendants, he asserted claims for Civil Conspiracy, Fraud, Fraudulent Deceit, Fraudulent Concealment, Negligence, and Gross Negligence. (ER 1328 *et seq*.) Each of these claims, however, is merely a Trojan Horse through which Briggs seeks once again to redress the alleged taking of his screenplay, and to remedy his supposed injustice of having lost that claim in the Copyright Action. This is evident in the allegations discussed above, in which Briggs contests the conduct of Defendants in the Copyright Action, and contests the decision of the district court there granting summary judgment in Defendants'

---

[4] Briggs also asserts that a separate set of defendants—Defendants Spacey, Brunetti, Trigger Street Productions, and Sound Point Capital—violated the www.triggerstreet.com Terms of Use. (ER 1333 *et seq*.) Those allegations are not made against the instant Defendants (MRC, Sony, and Messrs. Wiczyk, Satchu, and Emanuel). (*Id.*)

12

favor. It is also evident, as discussed below, in his allegations of harm, in his request for damages, and in the causes of action in the Complaint.

  **1. Briggs's Only Alleged Harm Is The Purported Infringement Of His Screenplay And The Loss Of The Copyright Action.**

  Briggs's Complaint includes a two paragraph section entitled "CONCERNING INJURY & DAMAGES." (ER 1327.) The *only* harm that Briggs alleges there—or anywhere else in his pleading—is the purported infringement of his screenplay and the loss of his copyright claims in the Copyright Action. The Complaint alleges such "harms" in each of subparagraphs (a)-(c) of Paragraph 185:

  "a. The Defendants' spoliation of evidence (destroying the [Trigger Street] social network) [ ]*impedes Plaintiff's ability to defend his copyright protected property*, if the U.S. Supreme Court remands *Briggs v. Blomkamp* for trial."

  "b. The Defendants['] efforts to cheat the judicial process (hiring *fixer*, etc.) in *Briggs v. Blomkamp*, *resulted in the Plaintiff losing substantial, rightful damages*."

  "c. The impact of the Defs' infringing exportation cannot be calculated, as it is possible the *Plaintiff's work may have been misappropriated in countless foreign markets*."

(*Id.* (emphasis added).)

In short, the sole harm that Briggs identifies in his Complaint is the alleged infringement of his screenplay by *Elysium* and his loss of "substantial, rightful damages" in "*Briggs v. Blomkamp*," meaning his loss of the damages he would have recovered had he prevailed in the Copyright Action.

## 2. The Primary Remedy Sought By Briggs Is For The Infringement Of His Screenplay.

The prayer for relief in the Complaint further demonstrates that Briggs is trying to re-litigate the infringement claim that he lost in the Copyright Action. Included in the prayer is a demand for "the recovery from the Defendants, and for the Plaintiff, of all profits from the film Elysium (DVD, video games, etc.), per 17 U.S.C. § 505." (ER 1345.) The disgorgement of profits on *Elysium* is a remedy that Briggs could only obtain, if at all, under the claim for copyright infringement that he litigated and lost in the Copyright Action. Briggs impliedly concedes as much in the prayer, where he cites the Title 17, albeit the wrong section,[5] for the proposition that he is entitled to this award. From this prayer for relief, it is all the clearer that Briggs is trying to use this lawsuit to redress the alleged infringement of his screenplay, and to obtain the same remedy under the Copyright Act that he sought in the Copyright Action. (ER 219 (alleging in Copyright Action that *Elysium* earned profits "rightfully belonging to the Plaintiff").)

---

[5] It is 17 U.S.C. section 504, not section 505, that authorizes awards for disgorgement of an infringer's profits.

14

### 3. Allegations Within The Complaint's Causes Of Action Show That Briggs Is Rehashing His Copyright Claim.

Similarly, the allegations within the causes of action pled in the Complaint show that they are nothing more than a rehashing of Briggs's failed copyright claim, but disguised using the names of other common torts:

Civil Conspiracy. The First Claim for "Civil Conspiracy" merely alleges a conspiracy by Defendants to infringe Briggs's screenplay through the production of *Elysium*, to conceal the infringement, and to thwart Briggs's copyright claims. (ER 1330 (alleging that "Defendants conspired to prevent the Plaintiff from discovering the film *Elysium* was in production"); ER 1331 (alleging that "Defendants conspired to prevent the Plaintiff from prevailing in his copyright lawsuit (*Briggs v. Blomkamp*)".)

Fraud. The Third Claim for "Fraud" alleges, *inter alia*, that Defendants defrauded the Court in the Copyright Action by submitting false evidence from literary expert Jeff Rovin. (ER 1335 ("The Defendants knowingly hired a 'fixer,' and knowingly submitted said fixer's falsified report to the District Court."); ER 1336 ("The District Court relied on the false claims of the Defendants' expert.")).

Fraudulent Deceit. The Fourth Claim for "Fraudulent Deceit" again alleges, *inter alia*, that Defendants "knowingly submitted said fixer's falsified expert report

to the District Court" in the Copyright Action, and that Briggs was damaged as a result. (ER 1336.)

Fraudulent Concealment. The Fifth Claim for "Fraudulent Concealment" alleges, *inter alia*, that Defendants took steps to "prevent Plaintiff from discovering the Defendant's misappropriations of his screenplay," that "[i]n *Briggs v. Blomkamp*, the Defendants would not permit their employee/agent … to answer a central discovery interrogatory," and that Briggs was damaged as a result. (ER 1337-1338.)

Negligence. The Sixth Claim for "Negligence" alleges, *inter alia*, that Defendants "were so negligent that in *Briggs v. Blomkamp* [they] hired 'fixer,' Jeff Rovin, to falsify an expert report," and that as a result, "Plaintiff's judicial process"—*i.e.*, his right to due process in the Copyright Action—"was subverted and denied by the Defendant's conduct." (ER 1338-1339.)

Gross Negligence. The Seventh Claim for "Gross Negligence" incorporates all the same allegations. (ER 1339 *et seq.*)

In short, irrespective of their labels, each of these claims embodies an attempt by Briggs to re-litigate his failed copyright claim.

## **SUMMARY OF THE ARGUMENT**

The District Court correctly dismissed the Complaint in this action on the basis that the claims are precluded by the doctrine of res judicata. Res judicata

prevents Briggs from re-litigating the same "claims" that were adjudicated adversely to him in the Copyright Action. Although Briggs was savvy enough not to style his causes of action here as claims that *Elysium* infringes his screenplay, the labels he affixed to his claims are of no moment. To determine whether an "identity of claims" exists for res judicata purposes, this Court looks past these labels and considers (1) whether this and the Copyright Action arise out of the "same transactional nucleus of facts," (2) whether interests established in the Copyright Action would be impaired by Briggs's pursuit of this case, (3) whether the two lawsuits involve the violation of the same right, and (4) whether they would involve substantially the same evidence. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). Under each of these factors, Briggs's claims here are undoubtedly the same "claims" that he asserted in the Copyright Action. Once again, Briggs is asserting claims arising out of the Film's alleged infringement of his screenplay. The adverse judgment in the Copyright Action would be vitiated if Briggs were allowed to proceed and prevail on these claims, and to receive the remedy he seeks—the disgorgement of the Film's profits. Both actions concern the alleged violation of Briggs's copyright. Lastly, the evidence of access, substantial similarity, and copying that Briggs would have to present to prevail here is the same evidence required of him in the Copyright Action, and which he was unable to muster.

Briggs is asserting the *same claim* he asserted in the Copyright Action, against the *same defendants* that he named there: Blomkamp, MRC, and Sony. Although he additionally named Messrs. Wiczyk, Satchu, and Emanuel, who were not named in the Copyright Action, these individuals are all alleged to have acted as agents of MRC. They are in privity, therefore, and res judicata bars Briggs's claims against *each* of these Defendants.

Moreover, even were there a question regarding privity (which there is not), the doctrine of non-mutual collateral estoppel bars Briggs's claims even against persons who were not parties to the Copyright Action. Under the issue preclusion doctrine, Briggs cannot get a second bite at the apple on his failed copyright claim merely by "switching adversaries." Both the District Court and this Circuit found that there was no evidence that the creators of *Elysium* accessed Briggs's work, and in any event, that Briggs's screenplay and the film are not substantially similar as a matter of law. These adverse findings are binding on Briggs. Yet, a finding that Briggs's screenplay was unlawfully misappropriated is an inherent prerequisite of his claims here. Briggs pleads no cognizable harm other than the infringement of his screenplay, and he states no facts under which Defendants could be liable without having infringed his screenplay. Issue preclusion therefore bars these claims, and the Court should affirm on this alternative basis.

Lastly, the Court can and should affirm on the further alternative basis of the collateral attack doctrine. Briggs's Complaint here effectively sought a "horizontal appeal" from one District Court to another, seeking what was tantamount to a review and reversal of Judge Hamilton's grant of summary judgment in the Copyright Action. Briggs's violation of the collateral attack doctrine further compelled the dismissal of his Complaint.

## ARGUMENT

### A.    Briggs's Claims Are Barred By Res Judicata.

The district court correctly held that Briggs's claims are barred by the doctrine of res judicata. (ER 3-4.) "The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action," and "is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051–52 (9th Cir. 2005) (quoting *In re Schimmels*, 127 F.3d 875, 881 (9th Cir.1997) (internal quotation marks omitted)). The elements of res judicata are: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Id.*

There is no dispute that the Copyright Action resulted in a final judgment for res judicata purposes. The requirement of a final judgment "is satisfied by a summary judgment dismissal which is considered a decision on the merits for res

judicata purposes." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005).

There is also no dispute that there is an identity of parties in relevant part. In this lawsuit, Briggs named as defendants Blomkamp, Sony, and MRC. (ER 1288, 1291.) The identical defendants were named in the Copyright Action. (ER 184-186.) Further, two of the individual defendants that Briggs added to this proceeding, Mr. Wiczyk and Mr. Satchu, are the principals of MRC and were alleged to have acted in that capacity. (ER 1291 (alleging that "Asif Satchu is a co-CEO of MRC" and that "Mordecai Wiczyk is a co-CEO of Media Rights Capital (MRC)".) They are, therefore, in privity with MRC, one of the defendants named in the Copyright Action.[6] *See*, *e.g.*, *K.H. v. Olympia School District*, 726 Fed. Appx. 599, 600-601 (9th Cir. 2018) (holding that "employer/employee relationship is sufficient to establish privity" and finding that "School District's employees … were in privity with the School District, and plaintiffs' claims against them in their personal capacities are barred by res judicata"); *Western Radio Servs. Co. v.*

---

[6] The Complaint in this case also named Ari Emanuel, the well-known talent agent and founder of William Morris Endeavor. (ER 1296.) While the following is not conceded, the Complaint alleges that Mr. Emanuel was acting as a *de facto* agent of, and co-conspirator with, the producers of *Elysium* in the purported infringement of Briggs's screenplay. (ER 1298, Compl. ¶ 48 ("Defendant Ari Emanuel is a quiet partner in MRC."); ER 1292, Compl. ¶ 24 (alleging that "Emanuel … conspired to access and misappropriate the Plaintiff's work".) Accepting that allegation as true for pleading purposes, then Mr. Emanuel is similarly in privity with MRC.

*Glickman*, 123 F.3d 1189, 1196 (9th Cir. 1997) (finding that "President" of company "was in privity" with entity for res judicata purposes); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 n.6 (7th Cir. 1986) ("Even though the Bank was the only actual party to the state court mortgage foreclosure proceedings, the other defendants, as directors, officers, employees, and attorneys of the Bank, are in privity with the Bank for purposes of res judicata."); *Drawsand v. F.F. Properties, L.L.P.*, 866 F. Supp. 2d 1110, 1127 (N.D. Cal. 2011) ("An employer-employee relationship generally satisfies the privity requirement for matters within the scope of employment.") (citing *Spector v. El Ranco, Inc.*, 263 F.2d 143, 145 (9th Cir. 1959)).

The *only* question, therefore, is whether there is an "identity of claims." Indisputably, there is. Though Briggs does not explicitly label any of his causes of action against the instant Defendants as a claim for copyright infringement, the "identity of claims" element does not necessitate that the plaintiff has pled identically-styled causes of action. *See Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713-714 (9th Cir. 2001) (finding identity of claims despite that second action pled different causes of action than the first, where both cases were "predicated on racial discrimination and allege the same circumstances regarding Appellents'' termination"); *see also Mpoyo*, 430 F.3d at 987. "Whether the two suits involve the same claim or cause of action requires [courts] to look at four

criteria … (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Id.* (quoting *Chao v. A–One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir.2003)).

Considering those factors, there is no question that there is an identity of claims between this lawsuit and the Copyright Action. The two cases plainly arise out of the "same transactional nucleus of facts." Both the infringement claim in the Copyright Action and the various claims pled here arise out of Briggs's allegations that Defendants accessed and copied Briggs's screenplay in producing *Elysium*.

The two cases "involve infringement of the same right." As discussed *supra* in Section B of the Statement of Facts, the Complaint in this case (1) alleges that Defendants are liable for infringing Briggs's screenplay, (2) identifies Briggs's harm as the infringement of his screenplay, and (3) seeks a copyright remedy, available exclusively under 17 U.S.C. § 504, for the alleged infringement of Briggs's screenplay by *Elysium*. Regardless of the labels that Briggs has affixed to his causes of action, they all seek to redress the alleged infringement of his screenplay by the Film. *See Mpoyo*, 430 F.3d at 987 (emphasizing that the two cases "involve the same overall harms" in finding identity of claims).

The two cases involve substantially the same evidence. Explicitly, all of Briggs's claims here are premised on the assertion that his screenplay was misappropriated and infringed. That is, there are no facts or circumstances pled under which Briggs could prevail *without* proving that his screenplay was infringed. Accordingly, to establish liability and to recover the disgorgement remedy he seeks against Defendants, Briggs would have to establish that his screenplay was accessed and copied by Defendants in producing *Elysium*. Thus, the trial of this case would involve the exact same evidence at issue in the Copyright Action.

Finally, the "rights or interests established" in the Copyright Action would clearly be "destroyed or impaired by prosecution of the second action." Briggs is explicit in his Complaint that he is trying to undo the result in the Copyright Action. (ER 1327 (alleging that Briggs's harms are the infringement of his screenplay and the loss of damages sought in the Copyright Action).). He is also explicit that he is seeking the same remedy of disgorgement that he was denied in the Copyright Action. (ER 1345.) To find for Briggs on these claims, and to award him damages for the supposed infringement of his copyright, would vitiate the final judgment in the Copyright Action and the determination in that Action— *affirmed by this Court on appeal*—that there was no copyright infringement as a matter of law.

23

The District Court correctly held that Briggs's attempt to rehash his copyright claim under the disguise of conspiracy, fraud, and negligence claims is barred by the doctrine of claim preclusion, and the dismissal of the Complaint should be affirmed.

### B. Briggs's Claims Are Barred By Collateral Estoppel.

For the reasons discussed above, there is total identity of parties with regard to the instant Defendants, each of whom was either named in the Copyright Action, in the case of MRC, Sony, and Blomkamp, or is alleged to have acted as an agent of these entities, in the case of Messrs. Wiczyk, Satchu, and Emanuel, such that they are in privity with Defendants. Even if the doctrine of claim preclusion does not apply to Messrs. Wiczyk, Satchu, and Emanuel because they were not named in the Copyright Action, the doctrine of collateral estoppel/issue preclusion would still bar these claims, as the District Court correctly held.

The doctrine of collateral estoppel, also known as issue preclusion, "prevents relitigation of all 'issues of fact or law that were actually litigated and necessarily decided' in a prior proceeding." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) (quoting *Segal v. American Tel. & Tel. Co.*, 606 F.2d 842, 845 (9th Cir. 1979)). "In both the offensive and defensive use situations the party against whom estoppel [issue preclusion] is asserted has litigated and lost in an earlier action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979).

The doctrine of issue preclusion does not require identity of parties. Under the concept of non-mutual collateral estoppel, the "[d]efensive use of collateral estoppel precludes a plaintiff from relitigating identical issues by merely 'switching adversaries.'" *Id.* at 329-330; *see also Masson v. New Yorker Magazine, Inc.*, 85 F.3d 1394, 1400 (9th Cir. 1996) ("Defensive collateral estoppel applies 'when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant.'") (quoting *Parklane Hosiery*, 439 U.S. at 326 n.4).

Here, Briggs's claims against Messrs. Wiczyk, Satchu, and Emanuel are clearly barred by the doctrine of issue preclusion. Briggs had a full opportunity in the Copyright Action to litigate his copyright claims. He lost in that proceeding, and a final judgment was affirmed by this Court. Briggs cannot relitigate the question of whether his screenplay was infringed by *Elysium*, nor can he do so "by merely 'switching adversaries.'" *Parklane Hosiery*, 439 U.S. at 329-330. And because, for the reasons discussed above, Briggs cannot prevail on any of his claims with demonstrating the infringement of his screenplay, his claims are precluded under the doctrine of non-mutual collateral estoppel. On this additional basis, the District Court's dismissal should be affirmed.

### C. Briggs's Claims Are Barred By The "Collateral Attack" Doctrine.

This Court should further affirm on the alternative basis that Briggs's claims are barred by the so-called "collateral attack doctrine." *See U.S. ex rel. Ali v. Daniel, Mann, Johnson & Mendenhall*, 355 F.3d 1140, 1144 (9th Cir. 2004) (holding that the Court can affirm dispositive rulings "on any ground supported by the record, even if not relied upon by the district court"). "The collateral attack doctrine precludes litigants from collaterally attacking the judgments of other courts." *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 902 (9th Cir. 2001) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 313, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995) ("We have made clear that it is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decisions are to be respected.") (internal quotation marks omitted)); *see also Uptergrove v. U.S.*, 2009 WL 1035231 at *3-4 (E.D. Cal. Apr. 17, 2009) ("Plaintiffs cannot use this lawsuit to collaterally attack the judgment in *Uptergrove I*. While an appeal is pending, the district court's judgment is the law of the case unless and until reversal by the Court of Appeals."); *State Farm Mut. Auto Ins. Co. v. Industrial Pharmacy*, 2009 WL 2448474 at *4-5 (D. Haw. Aug. 11, 2009).

Under the collateral attack doctrine, not only are challenges to the judgment in a prior case prohibited, but so too is "[a]ny challenge to the admissibility of

26

certain evidence" in that prior proceeding. *Rinegard-Guirma v. Ocwen Loan Servicing, LLC*, 2016 WL 4257765 at *2 (D. Or. Aug. 19, 2016). Similarly, a claim that "false testimony led to a fraudulent verdict is an attack on the merits of the prior proceeding" and violates the collateral attack doctrine. *Advocare Intern., L.P. v. Scheckenbach*, 2010 WL 2196449 at *2 (W.D. Wash. May 27, 2010).

In dismissing a complaint as an improper collateral attack, the district court in *Rinegard-Guirma* aptly summarized the doctrine, stating:

> [T]his Court is without authority to revisit issues that were previously decided in another district court case. To question rulings made in Plaintiff's prior case "would be to permit, in effect, a 'horizontal appeal' from one district court to another."

2016 WL 4257765 at *3 (quoting *Mullis v. U.S. Bankr. Ct., Dist. of Nev.*, 828 F.2d 1385, 1392-1393 (9th Cir. 1987)).

Briggs's Complaint here blatantly violates the collateral attack doctrine. Regardless of how Briggs styled his causes of action, the basis of those claims were allegations: (1) that Defendants committed discovery abuses in the Copyright Action, including failing to respond fully to interrogatories and document requests, (2) that Defendants submitted falsified evidence in the Copyright Action, and (3) that the district court in the Copyright Action committed error in refusing to exclude Jeff Rovin's testimony and in granting summary judgment. These claims

are explicit attacks on the order of the District Court granting summary judgment in the Copyright Action, and on this Circuit's affirmance of that order. Were Briggs allowed to proceed on his claims in this case, and were he to somehow prevail and recover the remedy he seeks, the result would be tantamount to a reversal of all of the rulings in the Copyright Action, *including this Court's affirmance of summary judgment there*.

Briggs's attempt to in essence appeal from the adverse judgment in the Copyright Action through the filing of a new case is barred by the collateral attack doctrine, and the dismissal of the Complaint should be affirmed on this additional basis.

## **CONCLUSION**

For the reasons set forth above, Defendants and Appellees respectfully request that the Court affirm the District Court's judgment in its entirety.

DATED: May 28, 2019      Respectfully submitted,

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP


By: */s/ Gregory Korn*
     Gregory Korn
     Attorneys for Defendants and Appellees
     SONY PICTURES ENTERTAINMENT
     INC., MRC II DISTRIBUTION
     COMPANY L.P., MORDECAI WICZYK,
     ASIF SATCHU, AND ARIEL
     EMANUEL

## **CERTIFICATE OF COMPLIANCE**

I certify pursuant to Fed. R. App. P. 32(a)(7)(C) and Ninth Circuit Rule 32-1

that the attached Appellees' Answering Brief is proportionally spaced, has a

typeface of 14 points, and contains 6,467 words.

DATED: May 28, 2019        KINSELLA WEITZMAN ISER KUMP &
ALDISERT LLP


By: */s/ Gregory Korn*
      Gregory Korn
      Attorneys for Defendants and Appellees
      SONY PICTURES ENTERTAINMENT
      INC., MRC II DISTRIBUTION
      COMPANY L.P., MORDECAI WICZYK,
      ASIF SATCHU, AND ARIEL
      EMANUEL

## <u>STATEMENT OF RELATED CASES</u>

Pursuant to Ninth Circuit Rule 28-2.6, Defendants state that they are

unaware of any related cases currently pending before the Court.

DATED: May 28, 2019   KINSELLA WEITZMAN ISER KUMP &
ALDISERT LLP


By: */s/ Gregory Korn*
  Gregory Korn
  Attorneys for Defendants and Appellees
  SONY PICTURES ENTERTAINMENT
  INC., MRC II DISTRIBUTION
  COMPANY L.P., MORDECAI WICZYK,
  ASIF SATCHU, AND ARIEL
  EMANUEL

/634612