No. 19-15128
_____

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
_____

STEVE WILSON BRIGGS,

Plaintiff/Appellant,

v.

KEVIN SPACEY, ARI EMANUEL, MATT DAMON, BEN AFFLECK, MRC,
NEILL BLOMKAMP, NBCUNIVERSAL, ASIF SATCHU, BILL BLOCK,
SONY PICTURES ENT, MORDECAI WICZYK, DANA BRUNETTI,

Defendants/Appellees.
_____

On Appeal from the United States District Court
for the Northern District of California
The Honorable Vince Chhabria
Case No. CV 18-4952
_____

## ANSWERING BRIEF OF APPELLEE
## NBCUNIVERSAL MEDIA, LLC
_____

Kelli L. Sager, SBN 120162 (kellisager @dwt.com)
Rochelle L. Wilcox, SBN 197790 (rochellewilcox@dwt.com)
Brendan N. Charney, SBN 293378 (brendancharney@dwt.com)
Davis Wright Tremaine LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, California  90017-2566
Telephone: (213) 633-6800
Facsimile: (213) 633-6899
Attorneys for Appellee NBCUniversal Media, LLC

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Appellee

NBCUniversal Media, LLC states that it is indirectly owned by Comcast

Corporation, which is publicly held.  No other publicly held corporation owns 10%

or more of NBCUniversal Media, LLC.


DATED:  May 28, 2019    DAVIS WRIGHT TREMAINE LLP
           KELLI L. SAGER
           ROCHELLE L. WILCOX
           BRENDAN N. CHARNEY


           By *Rochelle L. Wilcox*
             Rochelle L. Wilcox

           Attorneys for Appellee/Respondent
           NBCUniversal Media, LLC

i

# **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ..................................................................1

II.    JURISDICTIONAL STATEMENT .................................................3

III.   ADDITIONAL ISSUES PRESENTED FOR REVIEW ................................3

IV.    STANDARD OF REVIEW ........................................................5

V.     STATEMENT OF THE CASE ....................................................5

    A.     Briggs' Original Lawsuit For Purported Copyright Infringement Fails. ..................................................................5

    B.     Briggs' Second Lawsuit, Which Attempts To Recover Copyright Damages Through New "Conspiracy" Claims, Also Fails. ..................................................................6

    C.     Briggs Files A Third Lawsuit Demanding Relief For The Alleged Infringement Of His Copyright. ..............................7

    D.     Briggs' Third Lawsuit Is Dismissed And This Appeal Followed. ...............................................................10

VI.    SUMMARY OF ARGUMENT ....................................................12

VII.   ARGUMENT ..................................................................15

    A.     Briggs Waived Any Arguments On Appeal Concerning NBCU ........15

    B.     Briggs' Claims Are Barred By The Issue Preclusion Doctrine. .........18

        1.     Briggs Is Attempting To Relitigate The Same Infringement Issue Decided Against Him In The Copyright Lawsuit. ....................................................20

        2.     Briggs Cannot Avoid Issue Preclusion By Adding More Defendants. .............................................................27

    C.     Briggs' Claims Against NBCU Are Procedurally Barred As An Improper Horizontal Appeal. ............................................28

D.    The Complaint Fails To Provide Proper Notice Of Any Basis For Briggs' Claims Against NBCU. .................................................32

E.    Briggs' Lawsuit Against NBCU Fails On The Merits In Any Event. ........................................................................................34

    1.    The Complaint Is Inherently Implausible. ................................34

    2.    The Complaint Is Time-Barred. ................................................38

        a.    Briggs' Negligence And Gross Negligence Claims Against NBCU Are Time-Barred. ...................................38

        b.    The Conspiracy Claim Is Time-Barred. ........................39

        c.    The Discovery Rule Does Not Save Briggs' Claims. ....42

    3.    Each Of Briggs' Causes Of Action Suffer From Other Defects That Warrant Dismissal. ...............................................44

        a.    California Law Does Not Recognize A Claim For Conspiracy. .......................................................................45

        b.    Briggs' State-Law Conspiracy Claim Is Preempted By Federal Copyright Law. ................................................45

        c.    The Complaint Fails To Allege Any Negligent Conduct By NBCU. ..........................................................................48

        d.    The Complaint Fails To State A Cause of Action Against NBCU For Accounting. .................................................49

VIII.  CONCLUSION. ...........................................................................53

STATEMENT OF RELATED CASES .................................................56

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Advocare Intern., L.P. v. Scheckenbach,
  No. C08-5332 RBL, 2010 WL 2196449 (W.D. Wash. May 27,
  2010) ...................................................................................................31

Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,
  7 Cal. 4th 503 (1994) ..........................................................................45

Arc Music, Inc. v. Henderson,
  No. CV 09-7967 DSF (CWX), 2010 WL 11597304
  (C.D. Cal. Mar. 22, 2010) ....................................................................41

Ashcroft v. Iqbal,
  556 U.S. 662 (2009)........................................................................*passim*

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007).........................................................................35, 49

Benke v. Departure Agency, Inc.,
  No. CV 11-397-VBF(VBKX), 2011 WL 13129964
  (C.D. Cal. Aug. 11, 2011) ....................................................................47

Blaisdell v. Frappiea,
  729 F.3d 1237 (9th Cir. 2013) .............................................................38

Brazil v. U.S. Dept. of Navy,
  66 F.3d 193 (9th Cir. 1995) .................................................................33

Briggs v. Blomkamp,
  70 F. Supp. 3d 1155 (N.D. Cal. 2014)..........................................*passim*

Briggs v. Blomkamp,
  N.D. Cal. No. 13-cv-04679.............................................................*passim*

*Briggs v. Blomkamp*,
  No. 4:13-046790-PJH .........................................................................12

Briggs v. Sony Pictures Entm't, Inc.,
2018 WL 3391694 (U.S., Oct. 1, 2018)......................................6, 7, 26

Briggs v. Sony Pictures Entm't, Inc.,
714 F. App'x 712 (9th Cir. 2018) ...................................................6, 26

Briggs v. Spacey,
Case No. CV 18-4952 ...................................................................*passim*

Buckey v. County of Los Angeles,
968 F.2d 791 (9th Cir. 1992) .............................................................35

Cedars-Sinai Med. Ctr. v. Superior Court,
18 Cal. 4th 1 (1998) ..........................................................................52

Chao v. A-One Med. Servs., Inc.,
346 F.3d 908 (9th Cir.2003) ..............................................................27

Classic Concepts, Inc. v. Linen Source, Inc.,
716 F.3d 1282 (9th Cir. 2013) ...........................................................16

Cox v. United States,
No. 2:17-CV-00121-SU, 2017 WL 3167417 (D. Or. June 13, 2017) ...............30

Daskalakis v. FBI,
No. 4:10-CV-221-BLW, 2011 WL 1900439 (D. Idaho Apr. 28,
2011) ...................................................................................................36

Dummar v. Lummis,
543 F.3d 614 (10th Cir. 2008) .............................................22, 23, 25

Dydzak v. United States,
No. 17-cv-04360-EMC, 2017 WL 4922450 (N.D. Cal. Oct. 31,
2017) ...................................................................................................30

Edwards v. Marin Park, Inc.,
356 F.3d 1058 (9th Cir. 2004) .............................................................5

Fleet v. Bank of Am. N.A.,
229 Cal. App. 4th 1403 (2014) ..........................................................51

Gabris v. Aurora Loan Servs. LLC,
      No. 2:14-CV-01759-JAM-KJN, 2015 WL 1021305
      (E.D. Cal. Mar. 9, 2015) ........................................................................51

Goldberg v. Cameron,
      No. C-05-03534 RMW, 2009 WL 2051370
      (N.D. Cal. July 10, 2009) ...............................................................40, 41

Harper v. City of Monterey,
      No. 11-cv-02903-LHK, 2012 WL 195040 (N.D. Cal. Jan. 23,
      2012) ...............................................................................................27, 31

Howard v. City of Coos Bay,
      871 F.3d 1032 (9th Cir. 2017) ..............................................18, 21, 22

In re Braughton,
      520 F.2d 765 (9th Cir. 1975) ................................................................29

Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20,
      AFL-CIO v. Martin Jaska, Inc.,
      752 F.2d 1401 (9th Cir. 1985) .............................................................15

Jackson v. AEG Live, Inc.,
      233 Cal. App. 4th 1156 (2015) ............................................................49

Jolley v. Chase Home Fin., LLC,
      213 Cal. App. 4th 872 (2013) ..............................................................50

Kenne v. Stennis,
      230 Cal. App. 4th 953 (2014) ..............................................................45

Kopczynski v. The Jacqueline,
      742 F.2d 555 (9th Cir. 1984) ...............................................................15

Labonte v. Governor of California,
      No. EDCV 13-1204-VAP (MAN), 2014 WL 1512229
      (C.D. Cal. Apr. 14, 2014) ....................................................................36

Liddell v. Smith,
      345 F.2d 491 (7th Cir. 1965) .........................................................30, 31

Maloney v. T3Media, Inc.,
      853 F.3d 1004 (9th Cir. 2017) ......................................................46, 47

Mangindin v. Washington Mut. Bank,
    637 F. Supp. 2d 700 (N.D. Cal. 2009)................................................................45

Masson v. New Yorker Magazine, Inc.,
    85 F.3d 1394 (9th Cir. 1996) ...............................................................27

Mcdaniel v. United States,
    No. 2:18-CV-2306 JAM DB PS, 2018 WL 5316161
    (E.D. Cal. Oct. 26, 2018) ....................................................................33

Millennium TGA, Inc. v. Doe,
    No. 11-2258 SC, 2011 WL 1812786 (N.D. Cal. May 12, 2011) .......................48

Mitchell v. Routh Crabtree Olsen, P.S.,
    No. C 11-03577 JSW, 2012 WL 2792360 (N.D. Cal. July 9, 2012).................36

Montana v. United States,
    440 U.S. 147 (1979)............................................................................20

Mpoyo v. Litton Electro-Optical Sys.,
    430 F.3d 985 (9th Cir. 2005) .............................................................26

Mullis v. U.S. Bankr. Court,
    828 F.2d 1385 (9th Cir. 1987) ......................................................29, 31

Nat. Alternatives Int'l, Inc. v. Allmax Nutrition, Inc.,
    258 F. Supp. 3d 1170 (S.D. Cal. 2017)..............................................47

NBCUniversal Media, LLC v. Superior Court,
    225 Cal. App. 4th 1222 (2014) ....................................................42, 44

Nevijel v. North Coast Life Ins. Co.,
    651 F.2d 671 (9th Cir. 1981) .............................................................33

Nevitt v. United States,
    886 F.2d 1187 (9th Cir. 1989) ...........................................................28

Norgart v. Upjohn Co.,
    21 Cal. 4th 383 (1999) ......................................................................42

Owens v. Kaiser Foundation Health Plan, Inc.,
    244 F.3d 708 (9th Cir. 2001) .............................................................20

Oyeniran v. Holder,
    672 F.3d 800 (9th Cir. 2012) ...............................................................18

Parklane Hosiery Co. v. Shore,
    439 U.S. 322 (1979)...........................................................13, 19, 27

Peckarsky v. ABC,
    603 F. Supp. 688 (D.D.C. 1984).........................................................46

Petrella v. Metro-Goldwyn-Mayer, Inc.,
    572 U.S. 663 (2014)............................................................................40

Rein v. Providian Fin. Corp.,
    270 F.3d 895 (9th Cir. 2001) ..............................................................28

Rinegard-Guirma v. Ocwen Loan Servicing, LLC,
    No. 3:16-cv-01036-HZ, 2016 WL 4257765 (D. Or. Aug. 10, 2016) ...........30, 31

Roley v. New World Pictures, Ltd.,
    19 F.3d 479 (9th Cir. 1994) ................................................................40

Rosales v. Wells Fargo Bank, N.A.,
    No. 13-CV-01316-BLF, 2014 WL 4770572
    (N.D. Cal. Sept. 24, 2014) ..................................................................38

S. Pac. R. Co. v. United States,
    168 U.S. 1 (1897)................................................................................19

San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.,
    568 F.3d 725, 734 (9th Cir. 2009) .................................................27, 31

Smith v. Marsh,
    194 F.3d 1045 (9th Cir. 1999) ......................................................15, 17

Stafne v. Zilly, No. 2:17-CV-01692-MHS, 2018 WL 4871141
    (W.D. Wash. Oct. 9, 2018) .................................................................29

State of California ex rel. Metz v. CCC Info. Svcs., Inc.,
    149 Cal. App. 4th 402 (2007) .............................................................35

Swimmer v. I.R.S.,
    811 F.2d 1343 (9th Cir. 1987) ...........................................................17

Taylor v. Sturgell,
    553 U.S. 880 (2008)..................................................................................18

Temple Cmty. Hosp. v. Superior Court,
    20 Cal. 4th 464 (1999) ..................................................................31, 51, 52

Teselle v. McLoughlin,
    173 Cal. App. 4th 156 (2009) ..................................................................50

Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.,
    682 F.3d 292 (4th Cir. 2012) ....................................................................48

Tri-Valley CAREs v. U.S. Dep't of Energy,
    671 F.3d 1113 (9th Cir. 2012) ..................................................................16

TRW Inc. v. Andrews,
    534 U.S. 19 (2001)....................................................................................16

U.S. ex rel. Ali v. Daniel, Mann, Johnson & Mendenhall,
    355 F.3d 1140 (9th Cir. 2004) ....................................................................4

Uptergrove v. U.S.,
    No. 1:08-CV-01800-OWW SMS, 2009 WL 1035231
    (E.D. Cal. Apr. 17, 2009)..................................................................28, 29

Warden v. Cross,
    94 Fed. Appx. 474 (9th Cir. 2004)...........................................................51

Weatherspoon v. Jindal,
    No. 17-1539, 2018 WL 2181153 (6th Cir. Feb. 14, 2018)........................16

Wilcox v. Comm'r,
    848 F.2d 1007 (9th Cir. 1988) ..................................................................17

Woodrum v. Woodward County,
    866 F.2d 1121 (9th Cir. 1989) ..................................................................35

Yohey v. Collins,
    985 F.2d 222 (5th Cir. 1993) ....................................................................17

**Statutes**

17 U.S.C.
§ 102(a) ...................................................................................46
§ 301......................................................................................46
§ 301(a) ..................................................................................45
§ 501........................................................................................3
§ 505........................................................................................9
§ 507(b) ....................................................................5, 10, 40

28 U.S.C.
§ 1291......................................................................................3
§§ 1331 and 1338(a) ...............................................................3
§ 1367......................................................................................3

California Code of Civil Procedure
§ 335.1...................................................................................38
§§ 335.1, 339 .................................................................5, 10
§ 339.....................................................................................40

Restatement (Second) of Judgments § 27,
cmt. c (Am. Law Inst. 1982) ........................................20, 21

**Rules**

Federal Rules of Appellate Procedure
28(a)(8)(A) ............................................................................15

Federal Rules of Civil Procedure
8.......................................................................................32, 33
8(a)(2) ..........................................................................4, 10, 32
8(a) and 8(e)..........................................................................33
8(a) and 41(b)........................................................................14
12(b)(6) ...........................................................................*passim*
41(b).............................................................................10, 33
60............................................................................................28
60(b).......................................................................................28
60(b)(2)-(3)............................................................................28
60(c)(1) ..................................................................................28

**Other Authorities**

H.R. Rep. No. 94-1476 (available at
https://www.copyright.gov/history/law/clrev_94-1476.pdf)..............................46

# I.   INTRODUCTION

Plaintiff/Appellant Steven Briggs' Opening Brief ("AOB") barely mentions Defendant/Appellee NBCUniversal Media, LLC ("NBCU"), and does not explain how the District Court purportedly erred in dismissing NBCU from this lawsuit. This glaring omission effectively waives any argument on appeal as to this Defendant.  (Section VII.A, <u>infra</u>.)  It also underscores the biggest problem with Briggs' claims against NBCU:  he has never alleged, and cannot allege, that NBCU ever engaged in **any** actionable conduct.

Instead, the Complaint concocts a fantastical theory that because NBCU is engaged in the production of films, and has professional contacts with prominent individual and entities in the film industry, NBCU must have been part of a grand "conspiracy" with other studios and industry professionals to thwart a copyright lawsuit Briggs filed in 2013 against **other** parties, involving a film that NBCU had **no role** in producing or distributing.

In that initial case, the district court granted the defendants' summary judgment motion; this Court affirmed; and the United States Supreme Court denied review.  But Briggs refused to accept this result.  Instead, he resorted to filing new lawsuits, claiming to have "newly discovered evidence" that his original copyright lawsuit was derailed by purported "misconduct" and "fraud."  AOB at 11.  The rambling Complaint in the current lawsuit does not explain what these bizarre

1

allegations have to do with NBCU; instead, it appears from his briefs to the District Court and his AOB that he added NBCU in an attempt to evade collateral estoppel by claiming his latest suit involves "new" parties. AOB at 20.

Not surprisingly, the District Court rejected this transparent ploy, holding that Briggs' attempt to relitigate his original failed copyright lawsuit under the guise of implausible conspiracy claims is collaterally estopped. Section VII.B, infra. In addition, Briggs' current lawsuit is an improper "horizontal appeal" that independently is barred by the doctrine of collateral attack. Section VII.C, infra. For these reasons alone, this Court should affirm.

If this Court were to reach the merits, it should find that Briggs' claims against NBCU fail for other reasons as well. His Complaint against NBCU does not even satisfy basic pleading requirements; it does not identify any purported wrongdoing by this Defendant, and Briggs' supposed "conspiracy" claims are inherently implausible. Briggs' claims also suffer from other inherent defects, which independently justify affirmance of the District Court's order dismissing NBCU. Sections VII.E.3.a-d, infra.

Given Briggs' abuse of the litigation process thus far, it was perhaps predictable that the District Court judge now has been added as a target of Briggs' convoluted conspiracy theories. Briggs' Opening Brief includes, among other things, the outrageous claim that Judge Vince Chhabria dismissed this lawsuit as a

quid pro quo for a nomination to a federal circuit court of appeal. AOB at 26. This latest example of Briggs' increasingly delusional allegations is not worthy of response, but his wholly unjustified attack on the District Court, and his pursuit of this frivolous appeal, warrants a sanction from this Court.

## II.  JURISDICTIONAL STATEMENT

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because Briggs asserts claims for copyright infringement and infringing exportation under 17 U.S.C. § 501. The District Court had supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291, because this is an appeal from a final judgment entered on December 22, 2018, and Briggs' notice of appeal from the District Court's order was timely filed on January 22, 2019.

## III.  ADDITIONAL ISSUES PRESENTED FOR REVIEW

NBCU respectfully presents the following issues for review:

1.      Did Briggs waive any argument that the District Court erred in dismissing claims against NBCU, given his failure to present any basis for reversing that order in his Opening Brief to this Court?

2.      Did the District Court properly dismiss Briggs' Complaint against NBCU under the doctrine of issue preclusion, given that Briggs' claims raise the same infringement issues and seek the same relief he sought in his prior lawsuit?

3.      Should the District Court's order of dismissal be affirmed on the independent ground that the Complaint violates the collateral attack doctrine, because Briggs' claims effectively seek a "horizontal appeal" from his prior copyright infringement case by alleging a "conspiracy" to wrongfully frustrate that lawsuit?

4.      Should the District Court's order of dismissal be affirmed for any of the other independent grounds raised by NBCU in its motion to dismiss, including the following: [1]

a)      That Briggs' rambling, unintelligible Complaint violates the requirement set forth in Federal Rule of Civil Procedure 8(a)(2) that a pleading must contain a "short and plain statement of the claim" showing entitlement to relief?

b)      That the Complaint fails to state a claim upon which relief can be granted against NBCU pursuant to Federal Rule of Civil Procedure 12(b)(6) because the allegations do not meet the plausibility standard set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009)?

c)      That the Complaint fails to state a claim pursuant to Rule 12(b)(6)

---

[1] This Court can affirm dispositive rulings "on any ground supported by the record, even if not relied upon by the district court." See U.S. ex rel. Ali v. Daniel, Mann, Johnson & Mendenhall, 355 F.3d 1140, 1144 (9th Cir. 2004).

NBCUNIVERSAL'S ANSWERING BRIEF

because Briggs failed to assert his claims within the statutory

limitations periods set forth in California Code of Civil Procedure

§§ 335.1, 339 and/or 17 U.S.C. § 507(b)?

d)    That each of Briggs' causes of action fails as a matter of law, because

(i) the conspiracy claim does not constitute a cause of action and is

preempted by the Copyright Act, (ii) the negligence claims are not

supported by allegations establishing breach of a duty, and (iii) none

of the allegations support the remedy of an accounting because NBCU

had no relationship whatsoever with Briggs and Briggs' allegations do

not support any cognizable theory of damages?

## IV.  STANDARD OF REVIEW

This Court reviews de novo the District Court's grant of a motion to dismiss

pursuant to Fed. R. Civ. Proc. 12(b)(6).  Edwards v. Marin Park, Inc., 356 F.3d

1058, 1065 (9th Cir. 2004).

## V.  STATEMENT OF THE CASE

**A.    Briggs' Original Lawsuit For Purported Copyright Infringement Fails.**

In 2013, Briggs filed a lawsuit alleging that the film *Elysium* infringed

Briggs' copyrighted screenplay titled "Butterfly Driver."  Briggs v. Blomkamp,

N.D. Cal. No. 13-cv-04679 ("Copyright Lawsuit").  That suit was brought against

parties involved in producing and distributing *Elysium*, including writer/director

Neill Blomkamp; Sony Pictures, which distributed the film; and producer Media

5

Rights Capital. SER 184. NBCU had no role whatsoever in producing or distributing the film, and was not named as a defendant in the Copyright Lawsuit. Id.

The District Court for the Northern District of California, the Honorable Phyllis J. Hamilton presiding, granted the defendants' summary judgment motion in a thorough and carefully reasoned opinion. Briggs v. Blomkamp, 70 F. Supp. 3d 1155 (N.D. Cal. 2014); see also SER 566. On appeal, this Court affirmed, holding that Briggs "failed to raise a genuine dispute of material fact as to whether defendants accessed his screenplay "Butterfly Driver", or whether Briggs' screenplay and defendants' film *Elysium* are either strikingly or substantially similar." Briggs v. Sony Pictures Entm't, Inc., 714 F. App'x 712, 713 (9th Cir. 2018); see also SER SER 568-571. Briggs filed a Motion for Rehearing, which this Court denied. SER 573. The United States Supreme Court denied Briggs' Petition for Certiorari in October 2018. Briggs v. Sony Pictures Entm't, Inc., 2018 WL 3391694 (U.S., Oct. 1, 2018); SER 575.

**B.    Briggs' Second Lawsuit, Which Attempts To Recover Copyright Damages Through New "Conspiracy" Claims, Also Fails.**

On November 13, 2017, Briggs filed a new lawsuit against some of the same defendants he had sued in the Copyright Lawsuit. SER 577 ("Second Lawsuit").[2]

---

[2] Neill Blomkamp, Sony Pictures and MRC were named in the Second Lawsuit; they also are named in the current (third) Lawsuit.

NBCUNIVERSAL'S ANSWERING BRIEF

He also added 10 new defendants, including NBCU.  Id.

Briggs' initial Complaint in the Second Lawsuit alleged that it was "related" to the Copyright Lawsuit and that "certain new events, related to [the Copyright Lawsuit], inform[] this matter" – principally, his allegation that all of the defendants were engaged in some undefined "conspiracy" that Briggs believes was relevant to the Copyright Lawsuit.  SER 580 at ¶ 19.  While a motion to dismiss was pending, Briggs filed an amended complaint, adding copyright and infringing exportation claims based on the same alleged facts that were in the original Copyright Lawsuit – that *Elysium* infringed his screenplay titled "Butterfly Driver."  See SER 697 at ¶¶ 265-270; see also SER 661-662 at ¶¶ 111, 117.

The Second Lawsuit ultimately was dismissed without prejudice because Briggs failed to serve the parties against whom his federal claims were asserted, and the District Court declined to exercise supplemental jurisdiction over the remaining claims.  SER 720-21.

## C. Briggs Files A Third Lawsuit Demanding Relief For The Alleged Infringement Of His Copyright.

The action from which this appeal arises was filed on August 15, 2018, as Briggs v. Spacey, Case No. CV 18-4952 ("Current Lawsuit").  The Complaint in the Current Lawsuit acknowledges that it is "similar" to the Second Lawsuit and includes "many of the same parties, and many of the same causes of action," and admits that this lawsuit "refiles" those claims.  SER 1289 at ¶ 1.  The Complaint

7

also concedes that "some aspects of this matter are connected to previously undisclosed events in prior action <u>Briggs v. Blomkamp</u>, 4:13-cf-04679 PJH" (<u>i.e.</u>, the Copyright Lawsuit). SER 1289 at ¶ 2.

Like Briggs' other pleadings, the Complaint in the Current Lawsuit consists of a lengthy, wide-ranging narrative that is virtually incomprehensible. <u>See generally</u> SER 1289-1290. Relying heavily on innuendo and speculation, the Complaint appears to claim that a decades-long conspiracy has run rampant throughout Hollywood's major studios, which purportedly culminated in the alleged infringement of Briggs' screenplay by the producers and distributors of *Elysium*, and his loss of what he calls "substantial, rightful damages" in "<u>Briggs v. Blomkamp</u>," <u>i.e.</u>, the damages he sought in the Copyright Lawsuit. <u>See</u> <u>id.</u>

Briggs' Complaint includes a two paragraph section entitled "Concerning Injury & Damages," in which he claims that "[t]he Defendants' spoliation of evidence (destroying the [Trigger Street] social network) []<u>impedes Plaintiff's ability to defend his copyright protected property</u>"; "The Defendants['] efforts to cheat the judicial process (hiring fixer, etc.) in <u>Briggs v. Blomkamp</u>, resulted in the Plaintiff losing substantial, rightful damages"; and "The impact of the Defs' infringing exportation cannot be calculated, as it is possible the <u>Plaintiff's work may have been misappropriated in countless foreign markets</u>." SER 1327 at ¶¶ 185-186 (emphasis added). The Complaint in the Current Lawsuit is replete with

NBCUNIVERSAL'S ANSWERING BRIEF

allegations in which the relief sought mirrors the relief Briggs sought in the original Copyright Lawsuit.[3]

With respect to NBCU, the Complaint asserts claims for conspiracy, negligence, gross negligence, and an accounting,[4] but it does not include <u>a single factual allegation</u> tying Briggs' claims to any allegedly wrongful conduct by NBCU. SER 1329 at ¶ 192, 1332 at ¶ 201, 1338 at ¶ 238, 1340 ¶ 243. Instead, Briggs makes general allegations that NBCU conspired somehow to facilitate copyright infringement, and to frustrate his Copyright Lawsuit,[5] but the only <u>factual</u> allegations are that NBCU previously worked with prominent talent agent Ari Emanuel and others in the film industry, and it produces motion pictures. <u>See id.</u>[6]

---

[3] For example, Briggs seeks an accounting of revenue from the defendants' alleged sale of "derivatives of [the Plaintiff's] work" (SER 1344 at ¶ 265); and ultimately requests "all profits from the film Elysium" under the Copyright Act, 17 USC § 505 (SER 1345 at Prayer for Relief, ¶ 4).

[4] The first, sixth, seventh, and eleventh claims for relief are the only claims for relief brought against NBCU. SER 1328-1344.

[5] See, e.g., SER 1289 at ¶ 3, 1312 at ¶¶ 119 and 126, 1314 at ¶ 131, 1317 at ¶¶ 138-141, 1318 at ¶¶ 147-148, 1327 at ¶ 184, 1329-1330 at ¶¶ 192.2-4, .12, 1332 at ¶ 201, 1338 at ¶ 238, 1340 at ¶ 243.

[6] Briggs alleges only that NBCU hired Mordecai Wiczyk in 1999 or 2000; it has worked with well-known talent agent Ari Emmanuel; it distributed motion pictures starring Kevin Spacey almost two decades ago; it distributed the hit films *Fifty Shades of Grey* and *Steve Jobs*; and NBCU was discussed in the press as a

**D.  Briggs' Third Lawsuit Is Dismissed And This Appeal Followed.**

On November 9, 2018, NBCU filed a motion to dismiss the Current Action, arguing, among other things, that

(1)  Plaintiff's Complaint violated the requirement set forth in Federal Rule of Civil Procedure 8(a)(2) that a pleading seeking relief contain a "short and plain statement of the claim" showing entitlement to relief, and therefore it was subject to dismissal under Federal Rule of Civil Procedure 41(b) (SER 734);

(2)  Plaintiff's Complaint was an improper collateral attack on the resolution of the Copyright Lawsuit (SER 735); and

(3)  Plaintiff failed to state a claim upon which relief can be granted against NBCU pursuant to Federal Rule of Civil Procedure 12(b)(6). NBCU's Rule 12(b)(6) defense asserted:  (a) the implausibility of Briggs' claims against NBCU, in violation of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (SER 738); (b) Briggs' failure to assert his claims within the statutory limitations period set forth in California Code of Civil Procedure §§ 335.1, 339 and/or 17 U.S.C. § 507(b) (SER 739); and (c) defects in Briggs' specific causes of action, including

_____

potential distributor for the film *Elysium* (but it did not end up distributing the film).  SER 1289-1290.

NBCUNIVERSAL'S ANSWERING BRIEF

preemption of the conspiracy claim by the Copyright Act, failure to

plead breach of a duty to support the negligence action, and failure to

establish any relationship whatsoever between Briggs and NBCU or

entitlement to relief that could give rise to an accounting (SER 741-

745).

The other defendants also filed motions to dismiss on various grounds,

including the doctrines of res judicata and collateral estoppel. SER 542-561, 982-

1005.

Briggs' Opposition to NBCU's Motion in the District Court admitted that

his claims against other defendants sound in "[i]nfringement" and evidentiary

"[s]uppression" — but he disclaimed that any of these causes of action were being

brought against NBCU. SER 101. Specifically, Briggs claimed that the alleged

conspiracy was intended to "misappropriate screenplays … using [NBCU] as the

distributor" (SER 96), while simultaneously insisting that the Complaint makes

"no Copyright Infringement claims against NBCU" and that [n]owhere in the

Complaint is [v]icarious (or [c]ontributory) liability or infringement

contemplated." SER 101 (original emphasis omitted). But even Briggs'

negligence claims sought to recover for the same purported damages he sought in

his prior action – he alleged that, because of Defendants' alleged negligent

conduct, "Plaintiff's judicial process was subverted and denied" – and he sought

damages for this claimed injury.  <u>See</u> SER 1339 at ¶ 239, 1341 at ¶ 244.  Briggs'

Opposition therefore precludes any doubt that his Current Lawsuit sought to

resurrect his claims and requests for relief that were rejected in his Copyright

Lawsuit, and confirms that <u>none</u> of Briggs' allegations are based on any

purportedly wrongful conduct <u>by NBCU</u>.

On December 22, 2018, the District Court issued an omnibus written ruling

on all of the defendants' various motions to dismiss, holding that

> [a]lthough he has packaged them in new causes of action, most of
> [Briggs'] claims seek to relitigate issues decided by Chief Judge
> Hamilton in *Briggs v. Blomkamp*, No. 4:13-046790-PJH (*Briggs I*).
> These claims include all the allegations involving the film *Elysium*
> and evidentiary decisions made by Chief Judge Hamilton.  Therefore,
> as it pertains to the defendants who were present in *Briggs I*, the
> claims are barred by claim preclusion (res judicata); as it pertains to
> the new defendants, the claims are barred by issue preclusion
> (collateral estoppel).  Because these claims are precluded, amendment
> would be futile, and they are dismissed without leave to amend.

SER 3-4.  Briggs then moved for reconsideration (SER 12), which the District

Court denied (SER 1).  This appeal followed.

## VI.  SUMMARY OF ARGUMENT

Briggs' Opening Brief establishes without question that NBCU never

belonged in this lawsuit.  The conspiracy that Briggs spins from his imagination

against the other defendants does not involve NBCU – which is mentioned only in

passing – because even Briggs' most fantastical claims do not allege <u>any</u>

wrongdoing by NBCU.  Because Briggs waived any challenge to the District

NBCUNIVERSAL'S ANSWERING BRIEF

Court's dismissal of NBCU by failing to present any argument as to this defendant, the order dismissing NBCU should be affirmed on that basis alone. Section VII.A, <u>infra</u>.

The District Court's Order also should be affirmed on the ground that it properly found Briggs' claims against NBCU to be precluded by the doctrine of collateral estoppel. Briggs tries to adorn his claims with wild allegations of conspiracy, but they boil down to the very same claims for relief that were extinguished in the Copyright Lawsuit: purported infringement of the same screenplay that was at issue in the original case. Briggs' apparent belief that he can evade collateral estoppel simply by naming new defendants and alleging a wide-ranging "conspiracy" is mistaken; the doctrine requires only that the party <u>against whom estoppel is asserted</u> be involved in both actions. Thus, "non-mutual" collateral estoppel bars Briggs' claims against NBCU, even though NBCU was not a party to the Copyright Lawsuit. Briggs cannot get a second bite at the apple on his failed copyright claim merely by "switching adversaries."[7] Section VII.B.1, <u>infra</u>.

Both the District Court and this Circuit rejected Briggs' copyright claims, holding that Briggs failed to produce any evidence that the producers of *Elysium*

---

[7] <u>Parklane Hosiery Co. v. Shore</u>, 439 U.S. 322, 329 (1979).

accessed Briggs' work, and that Briggs could not show the requisite level of similarity. Briggs v. Blomkamp, 70 F. Supp. 3d 1155, 1168 (N.D. Cal. 2014), aff'd sub nom. Briggs v. Sony Pictures Entm't, Inc., 714 F. App'x 712 (9th Cir. 2018). These dispositive rulings preclude Briggs' claims in the Current Lawsuit. No matter how Briggs styles his claims, the purported harm about which he complains is the alleged infringement of his screenplay, and addressing the merits of his current claims would require revisiting the very same issues and arguments that already were rejected by three courts in the Copyright Lawsuit. Section VII.B.2, infra.

For similar reasons, the related collateral attack doctrine supports the Court's dismissal Order. Briggs' allegation of a conspiracy to frustrate the Copyright Lawsuit through spoliation and other means is an impermissible "horizontal appeal" of the dismissal of the Copyright Lawsuit. Section VII.C, infra.

Finally, Briggs' failure to even attempt to defend his claims against NBCU makes clear that he has not come close to meeting his burden to state a claim in a federal court. He does not provide the basis of his claims against NBCU, requiring dismissal under Federal Rules of Civil Procedure 8(a) and 41(b). Section VII.D, infra. He also cannot state any claim against NBCU: Briggs' claims are inherently implausible and also time-barred; he cannot establish the elements of any cause of action; and he has not stated any claim that would give rise to an accounting.

Section VII.E.  Consequently, this Court should find that all of his claims were subject to dismissal under F.R.C.P. 12(b)(6).  See note 1, supra.

## VII.  ARGUMENT

### A.    Briggs Waived Any Arguments On Appeal Concerning NBCU.

"[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."  Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999).  This well-established rule follows from the requirement that "[a]n appellant's brief must contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."  Fed. R. App. Proc. 28(a)(8)(A) (emphasis added).

To meet this requirement, it is not enough for an appellant to simply allude generally to an argument; instead, the argument must be made "specifically and distinctly" by applying contentions of law to allegations of fact.  Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir. 1985) (although appellant's opening brief averred broadly that the District Court "erred in granting summary judgment," the court declined to consider appellant's claim that the trial court erred on legal question, since a "careful reading" of appellant's opening brief showed that appellant raised only the existence of material factual issues); Kopczynski v. The Jacqueline, 742 F.2d 555, 560 (9th Cir. 1984) (appellant "lost his right to raise"

issue as to jury instructions because his "conclusory contention of 'inadequacy' does not provide us with a sufficient basis on which to review the instructions").

Moreover, if a litigant addresses an argument only to a particular defendant, that argument is deemed to be waived as to other defendants. See, e.g., Weatherspoon v. Jindal, No. 17-1539, 2018 WL 2181153, at *1 (6th Cir. Feb. 14, 2018) ("[b]ecause the arguments in Weatherspoon's appellate brief relate solely to his Eighth Amendment claim against Jindal, he has waived appellate review of his claims against the other defendants.").

The purpose of these requirements is to ensure that parties are put on sufficient notice of the arguments to which they must respond. Tri-Valley CAREs v. U.S. Dep't of Energy, 671 F.3d 1113, 1129 (9th Cir. 2012) (refusing to consider argument raised for first time in appellate reply brief); see also, e.g., Classic Concepts, Inc. v. Linen Source, Inc., 716 F.3d 1282, 1285 (9th Cir. 2013) (same); TRW Inc. v. Andrews, 534 U.S. 19, 34 (2001) (appellant waived argument first raised in U.S. Supreme Court by failing to brief it before Ninth Circuit). Otherwise, the orderly presentation of issues through briefing would quickly collapse.

Litigants like Briggs, who elect to represent themselves, are bound by these requirements, just as they are by the other requirements of the Federal Rules of Appellate Procedure. See Swimmer v. I.R.S., 811 F.2d 1343, 1345 (9th Cir. 1987)

("pro se litigant must abide by rules of court"; citing Cartejr v. Comm'r, 784 F.2d 1006, 1008 (9th Cir. 1986)), abrogated on other grounds, Briones v. Riviera Hotel & Casino, 116 F.3d 379 (9th Cir. 1997).  Although courts "liberally construe the briefs of pro se appellants," courts "also require that arguments must be briefed to be preserved."  Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993) (pro se prisoner waived arguments that he attempted to incorporate by referring only to previously filed briefing); see also Wilcox v. Comm'r, 848 F.2d 1007, 1008 n.2 (9th Cir. 1988) (refusing to consider new arguments raised by pro se litigant in a petition for redetermination).

Here, the absence of any argument in the AOB concerning Briggs' claims against NBCU provides no notice whatsoever of the grounds he seeks to raise for reversing the District Court's order dismissing his lawsuit against this Defendant.[8] Briggs' undifferentiated reference to "Defs" in his opening brief does not advance any argument as to NBCU, because these allegations do not purport to apply the law to any alleged facts concerning NBCU; instead, they appear to relate only to the other defendants' involvement in the Prior Lawsuit, or to the alleged operation

---

[8] In an abundance of caution, NBCU has included in its Respondent's Brief arguments that the District Court correctly dismissed the Complaint pursuant to the issue preclusion doctrine, and that dismissal independently is warranted for each of the grounds raised by NBCU in the District Court.  But this Court should reject any attempt by Briggs to present any new arguments on reply or at any hearing, given that NBCU was denied an opportunity to address them in its answering brief.  E.g., Marsh, 194 F.3d at 1052.

of a social network by other defendants.  <u>See</u>, <u>e.g.</u>, AOB at 1-3, 18.

Because Briggs' Opening Brief provides no grounds whatsoever to reverse the District Court's order of dismissal in favor of NBCU, it should be affirmed for that reason alone.

## B.  Briggs' Claims Are Barred By The Issue Preclusion Doctrine.

The doctrine of collateral estoppel, also known as issue preclusion, "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim."  <u>Howard v. City of Coos Bay</u>, 871 F.3d 1032, 1040-41 (9th Cir. 2017) (quoting <u>Taylor v. Sturgell</u>, 553 U.S. 880, 892 (2008)).

The doctrine applies to preclude a party from asserting an argument that was decided against that party where:  (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits."  <u>City of Coos Bay</u>, 871 F.3d at 1041 (quoting <u>Oyeniran v. Holder</u>, 672 F.3d 800, 806 (9th Cir. 2012)).

This longstanding rule has been described by the United States Supreme Court as "demanded by the very object for which civil courts have been established," namely,

> to secure the peace and repose of society by the settlement of matters capable of judicial determination.  Its enforcement is essential to the

> maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue, and actually determined by them.

S. Pac. R. Co. v. United States, 168 U.S. 1, 48-49 (1897); see also Parklane, 439 U.S. at 326 ("[c]ollateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation"). Application of the doctrine here is necessary for the same purposes: to avoid burdening parties and the courts with serial litigation of resolved issues; and to safeguard the adjudicative function by ensuring that this Court's ruling in the Copyright Lawsuit has conclusive effect.

Although Briggs insists that the Current Lawsuit does not "reallege" the Copyright Lawsuit, that is disingenuous, at best. Nothing in the AOB explains how his Current Lawsuit is anything **other than** an attempt obtain the same relief denied in the Copyright Lawsuit, by challenging evidentiary rulings in that case and asserting alleged "spoliation" of evidence related to that case. AOB at 18-19. Hoping to avoid the clear bar to asserting claims in this Lawsuit, Briggs creates two non-existent requirements for issue preclusion: (1) that the title of the "causes" plead must be the same; and (2) that the defendants must be the same. AOB at 20. Neither of these are requirements recognized under controlling law.

1.    **Briggs Is Attempting To Relitigate The Same Infringement Issue Decided Against Him In The Copyright Lawsuit.**

To prevent clever litigants from restyling substantively identical claims under the guise of a new label, the "identity of issue" element does not mandate that the plaintiff has pled identically-styled causes of action. Instead, courts evaluate "whether the issues presented by this litigation are <u>in substance</u> the same as those resolved against the" party to be precluded in previous litigation. <u>Montana v. United States</u>, 440 U.S. 147, 155 (1979) (emphasis added). Identity of issues therefore focus on the <u>substance</u> of the claims and relief requested, rather than labels. <u>See</u>, <u>e.g.</u>, <u>Owens v. Kaiser Foundation Health Plan, Inc.</u>, 244 F.3d 708, 713-14 (9th Cir. 2001) (finding identity of claims under doctrine of res judicata despite fact that second lawsuit pled different causes of action than the first, where both cases were "predicated on racial discrimination and allege the same circumstances regarding Appellants' termination").

In making this determination, the Court is to be guided by factors set forth in the Restatement (Second) of Judgments:

1)    Is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first?

2)    Does the new evidence or argument involve the application of the same rule of law as that involved in the prior proceeding?

20

3)     Could pretrial preparation and discovery related to the matter

presented in the first action reasonably be expected to have

embraced the matter sought to be presented in the second?

4)     How closely related are the claims involved in the two

proceedings?

City of Coos Bay, 871 F.3d at 1041; see also Restatement (Second) of Judgments

§ 27, cmt. c (Am. Law Inst. 1982).  Although these factors guide the analysis, they

"are not applied mechanistically."  City of Coos Bay, 871 F.3d at 1041.

A plaintiff's request for the same scope of damages in subsequent lawsuits is

a paradigmatic example of an identical issue subject to preclusion.  In City of Coos

Bay, for example, this Court held that issue preclusion barred a plaintiff from

seeking the same scope of damages, i.e., damages covering "the same factual

losses," in successive lawsuits, even though the second suit alleged causes of

action that accrued after the first suit.  871 F.3d at 1040.  In that case, the plaintiff

recovered economic damages in an initial lawsuit alleging employment retaliation;

she then brought a second lawsuit alleging that the defendant continued to retaliate

against her for winning the first suit.  Id. at 1037-38.  The district court held that

the plaintiff's claim for economic damages was barred by issue preclusion, and this

Court affirmed, reasoning that, "since the evidence and arguments supporting

economic damages in both suits substantially overlap, the issue of economic

21

damages is largely identical." Id. at 1043.

Here, too, each cause of action in Briggs' Current Lawsuit asserts infringement of the same copyrighted screenplay that was at issue in his Copyright Lawsuit. SER 1330-1344. It also seeks the same remedy – disgorgement of "all profits from the film Elysium" as a result of this purported "misappropriation." SER 1344 at ¶ 268; see also SER 1333 at ¶ 205, 1335 at ¶ 216, 1337 at ¶¶ 231, 1338 at ¶ 235, 1339 at ¶ 239, 1341 at ¶ 244, 1342 at ¶ 251, 1343 at ¶¶ 254-256, 1343-1344 at ¶¶ 258-261. Indeed, Briggs' Complaint in the Current Action even cites to the Copyright Act to support alleged entitlement to this remedy. SER 1342-1343 at ¶¶ 252-260.

Courts consistently have rejected attempts by a plaintiff to relitigate a settled issue by asserting that the defendants wrongfully caused a purportedly incorrect result in the earlier suit. For example, in Dummar v. Lummis, 543 F.3d 614 (10th Cir. 2008), the Tenth Circuit held that collateral estoppel barred an unjust enrichment claim founded on allegations that litigants in successive cases conspired to wrongfully cause a jury in the prior case to find that a will was invalid. Id. at 616, 624. Much like Briggs here, the plaintiff in Dummar sought to distinguish the issues in the successive cases through strained formalism, asserting "that he is attempting in this action to establish not that the will was valid but, rather, that Defendants' actions caused the jury to find that the will was invalid."

Id. at 624. The Court held that, even if such an argument might have some merit with respect to a fraud or RICO cause of action,[9] "it is wholly unpersuasive with respect to his unjust-enrichment claim" because the defendants "were unjustly enriched only if the [will] was authentic, and the invalidity of that will was precisely the issue determined in the probate case. The district court was correct to give that judgment preclusive effect with respect to this claim." Id.

Here, each of the causes of action alleged against NBCU seek to relitigate the same facts and transactions involved in the Copyright Lawsuit, by claiming that defendants wrongfully caused an unjust result in that case. For example, the First Cause of Action for purported "Civil Conspiracy"[10] alleges that "Defendants conspired to prevent the Plaintiff from discovering the film Elysium was in production" (SER 1330 at ¶ 193) and that "Defendants conspired to prevent the Plaintiff from prevailing in his copyright lawsuit (Briggs v. Blomkamp)" (SER

---

[9] Briggs has not asserted a fraud cause of action against NBCU (SER 1335-1338 at ¶¶ 217-235), nor could he reasonably do so, given that NBCU was not involved in the Copyright Lawsuit. SER 184.

[10] Notably, the factual allegations of conspiracy either pre-date the events alleged in the Copyright Lawsuit, or are alleged to have occurred in connection with the litigation of the Copyright Lawsuit. SER 1328-1333 at ¶¶ 192-. Consequently, his claims fail for the independent reason that they are an improper "horizontal appeal" of the Copyright Lawsuit. See Section VII.C, infra.

1331 at ¶ 200). The Sixth Cause of Action for Negligence[11] alleges that

Defendants "were so negligent that in Briggs v. Blomkamp [they] hired 'fixer,'

Jeff Rovin, to falsify an expert report," and that as a result, "Plaintiff's judicial

process" – i.e., the Copyright Lawsuit – "was subverted and denied by the

Defendant's conduct … so Plaintiff could not present … information to the [Ninth]

Circuit." SER 1338-1339 at ¶¶ 238-239. And the Eleventh Cause of Action for an

Accounting alleges that "Defendants have demonstrated a willingness to deceive

and lie to the court … [and] destroy and suppress evidence" in the Copyright

Lawsuit and "may have sold derivatives of his work," i.e., distributed the film

*Elysium* that Briggs alleges infringes his screenplay. SER 1334 at ¶¶ 263-265.

Based on these allegations, Briggs demands the same "Elysium profits" he sought

in the Copyright Lawsuit. SER 1344 at ¶ 268, 1345 at Prayer for Relief ¶ 4.

In short, Briggs' conclusory argument that he has not "realleged" the

Copyright Lawsuit is disproven by a comparing the Complaints in the Copyright

Lawsuit and the Current Lawsuit, which shows that he is simply seeking

infringement remedies under different labels, embellished by a fanciful conspiracy

theory.

---

[11] The Seventh Cause of Action for Gross Negligence essentially restates the allegations of the Sixth Cause of Action. See SER 1340 at ¶ 243.

Thus, each of the criteria for identity of issues is satisfied:

1)    There is a substantial overlap between evidence and argument, because the substance of Briggs' allegations arise from the same purported facts and legal claims as in the Copyright Lawsuit (including the production and distribution of *Elysium*, purported evidence of infringement, and the conduct of litigation in the Copyright Lawsuit itself); and the Current Lawsuit seeks to revisit evidentiary rulings reached in the Copyright Lawsuit under the guise of alleging a conspiracy to spoliate that evidence and introduce a fraudulent expert opinion.

2)    The Current Lawsuit involves the same rule of law as in the Copyright Lawsuit because, just as in <u>Dummar</u>, Briggs was wronged "only if [his screenplay was infringed], and the [infringement of that screenplay] was precisely the issue determined in the [prior] case." 543 F.3d at 624.

3)    For the same reasons, pretrial preparation, discovery, and evidence in the Copyright Lawsuit embraces – and, indeed, would be the subject of – the Current Lawsuit's attempt to relitigate the Copyright Lawsuit.

4)      The claims are closely related because the two suits involve

legal claims that are "in substance" the same:  alleged

infringement of the same copyrighted screenplay.  Therefore,

permitting Briggs' Current Lawsuit to proceed towards

potentially awarding remedies for claimed "infringement" of

his screenplay would directly contradict the dismissal of his

infringement claims in the Copyright Lawsuit.

Because Briggs' attempt to recover for alleged infringement of his

screenplay was fully and finally rejected in the Copyright Lawsuit – in a thorough

and well-reasoned opinion essential to the merits[12] – and Briggs had ample

opportunity to litigate the issue, including on appeal and through a Petition for

Certiorari to the Supreme Court[13] – his attempt to relitigate the issues in that

lawsuit is barred.[14]

---

[12] Blomkamp, 70 F. Supp. 3d at 1168; Briggs, 714 F. App'x at 713.

[13] Briggs v. Sony Pictures Ent., Inc., 2018 WL 3391694 (U.S., Oct. 1, 2018); SER 575.

[14] For the same reasons, Briggs' claims are barred by the doctrine of claim preclusion.  See Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005) (for claim preclusion, courts look at "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.")  (quoting

### 2. Briggs Cannot Avoid Issue Preclusion By Adding More Defendants.

Briggs apparently hoped to avoid issue preclusion by asserting claims against new defendants – such as NBCU – regardless of whether they played any role in any of the events alleged in his Complaint. But this gambit also properly was rejected by the District Court. It long has been the law that the only identity of parties required is the identity "of the party against whom preclusion is sought." Harper v. City of Monterey, No. 11-cv-02903-LHK, 2012 WL 195040, at *4 (N.D. Cal. Jan. 23, 2012) (emphasis added), aff'd, 519 F. App'x 503 (9th Cir. 2013), citing San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys., 568 F.3d 725, 734 (9th Cir. 2009). Consequently, "[d]efensive use of collateral estoppel precludes a plaintiff from relitigating identical issues by merely 'switching adversaries.'" Parklane Hosiery, 439 U.S. at 329; see also Masson v. New Yorker Magazine, Inc., 85 F.3d 1394, 1400 (9th Cir. 1996) ("[d]efensive collateral estoppel applies 'when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant.'" (emphasis added; quoting Parklane Hosiery, 439 U.S. at 326 n.4)).

Here, Briggs sued NBCU – a company that had no involvement at all with

---

Chao v. A-One Med. Servs., Inc., 346 F.3d 908, 921 (9th Cir.2003)). All of those criteria are met here.

NBCUNIVERSAL'S ANSWERING BRIEF

*Elysium* – based on his misunderstanding that he can avoid the preclusive effect of the Copyright Lawsuit by "switching adversaries." He cannot. Because his claims against NBCU seek to relitigate infringement issues finally decided in the Copyright Lawsuit, they are precluded.

## C. Briggs' Claims Against NBCU Are Procedurally Barred As An Improper Horizontal Appeal.

Briggs' claims against NBCU fail for an independent reason: "The collateral attack doctrine precludes litigants from collaterally attacking the judgments of other courts." Uptergrove v. U.S., No. 1:08-CV-01800-OWW SMS, 2009 WL 1035231, at *3 (E.D. Cal. Apr. 17, 2009) (quoting Rein v. Providian Fin. Corp., 270 F.3d 895, 902 (9th Cir. 2001)). The principle is fundamental: a losing party may not seek to nullify a district court's decision by seeking relief from another district court.[15]

In the District Court, NBCU argued that the collateral attack doctrine bars

---

[15] Briggs' Opening Brief suggests that he is seeking relief from the judgment in the Copyright Lawsuit under Rule 60, which provides that a court may relieve a party from a final judgment for newly discovered evidence or fraud. AOB at 11; see Fed. R. Civ. Proc. 60(b)(2)-(3). Among other defects, however, Briggs' attempt to use Rule 60 is time-barred because "[a] motion under Rule 60(b) … for reasons (1), (2), and (3) [must be made] no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. Proc. 60(c)(1). The judgment in the Copyright Lawsuit became final in **2014** (Blomkamp, 70 F. Supp. 3d at 1178; SER 566) and was not tolled by Briggs' appeal. E.g., Nevitt v. United States, 886 F.2d 1187, 1188 (9th Cir. 1989). He cannot rely on Rule 60.

Briggs' Current Lawsuit because it constitutes an impermissible "horizontal appeal" of the Copyright Lawsuit, prohibited by basic principles of federal procedure. Although the District Court's Order of dismissal did not directly reach this issue, the collateral attack doctrine provides an additional, albeit related, reason for affirmance.

This doctrine also provides an ample basis for this Court to disregard Briggs' allegations of purported litigation misconduct when it evaluates whether the issues in the Copyright Lawsuit and the Current Lawsuit are the same under the collateral estoppel doctrine: under well-established legal principles, Briggs cannot avoid the preclusive effect of a final judgment by attacking the premise of that judgment in another court.

In <u>Uptergrove</u>, for example, the court dismissed a complaint as an impermissible collateral attack because it sought relief from an adverse judgment issued against the plaintiff in a prior case. 2009 WL 1035231 at *3-4. Other courts similarly have rejected this kind of horizontal appeal. <u>See</u>, <u>e.g.</u>, <u>Mullis v. U.S. Bankr. Court</u>, 828 F.2d 1385, 1392-93 (9th Cir. 1987) (even where judicial immunity did not apply, injunctive relief could not be ordered against bankruptcy judges and clerks because "collateral attacks on the judgments, orders, decrees or decisions of federal courts are improper"); <u>Stafne v. Zilly</u>, No. 2:17-CV-01692-MHS, 2018 WL 4871141, at *6 (W.D. Wash. Oct. 9, 2018) (quoting <u>Mullis</u>); <u>In re</u>

Braughton, 520 F.2d 765, 766 (9th Cir. 1975) ("the second judge correctly refused to entertain a 'horizontal' appeal from the warrant issued by the first judge"); Dydzak v. United States, No. 17-cv-04360-EMC, 2017 WL 4922450, at *7 (N.D. Cal. Oct. 31, 2017) (a litigant may raise alleged judicial error and litigation misconduct only through "the normal appellate process," not a forbidden "horizontal appeal"), appeal dismissed No. 17-17401, 2018 WL 2539464 (9th Cir. Apr. 24, 2018); Rinegard-Guirma v. Ocwen Loan Servicing, LLC, No. 3:16-cv-01036-HZ, 2016 WL 4257765 at *3 (D. Or. Aug. 10, 2016) ("this Court is without authority to revisit issues that were previously decided in another district court case"); Cox v. United States, No. 2:17-CV-00121-SU, 2017 WL 3167417, at *5 (D. Or. June 13, 2017), report and recommendation adopted, No. 2:17-CV-00121-SU, 2017 WL 3166728 (D. Or. July 24, 2017) ("Plaintiff may not use this action to collaterally attack an issue that was already decided before another court in an earlier proceeding").

The bar on horizontal appeals is supported by the same policy underlying the doctrine of res judicata: "the interest of the State that there should be an end to the litigation." Liddell v. Smith, 345 F.2d 491, 493 (7th Cir. 1965). Notably, for similar reasons, the California Supreme Court has declined to recognize a tort remedy for spoliation of evidence, such as Briggs' Eighth Cause of Action here (SER 1341-1342 at ¶¶ 245-251), because permitting such claims would result in an

"endless spiral of lawsuits over litigation-related misconduct." Temple Cmty. Hosp. v. Superior Court, 20 Cal. 4th 464, 473 (1999). See also Liddell, 345 F.2d at 494 (affirming dismissal of previously-dismissed claims on res judicata grounds, and dismissing perjury claim arising from prior litigation on grounds that perjury does not give rise to a private cause of action); Advocare Intern., L.P. v. Scheckenbach, No. C08-5332 RBL, 2010 WL 2196449 at *2 (W.D. Wash. May 27, 2010) (a claim that "false testimony led to a fraudulent verdict is an attack on the merits of the prior proceeding," in violation of the collateral attack doctrine); Rinegard-Guirma, 2016 WL 4257765 at *2 (a "challenge to the admissibility of certain evidence in either the state or federal case cannot be raised" in a separate federal action).

Finally, given the collateral attack doctrine's relationship to collateral estoppel, it also is well-established that a party that was not involved in a prior lawsuit nonetheless may seek dismissal of a horizontal appeal of that suit. See, e.g., Mullis, 828 F.2d at 1386, 1392-93 (dismissing plaintiff's "horizontal appeal" of treatment of his bankruptcy petition even though defendants were not parties to the bankruptcy proceeding). Just as "[u]nder California claim preclusion rules, the only identity of parties required is the identity of the party against whom preclusion is sought." Harper, 2012 WL 195040, at *4 (emphasis added), citing San Diego Police Officers' Ass'n, 568 F.3d 725 at 734.

Briggs' Current Lawsuit is precisely the sort of action that implicates the policy concern about finality in litigation. His claims against NBCU all depend on his claims against the defendants named in his original Copyright Lawsuit, purportedly "tied" together by the concocted allegations of a "conspiracy." SER 1289-1290. Even Briggs' claims for negligence and gross negligence seek to recover for the same purported damages sought in the prior action. See SER 1339 at ¶ 239, 1341 at ¶ 244 (alleging that, as a result of Defendants' alleged negligent conduct, "Plaintiff's judicial process was subverted and denied" and seeking damages for this claimed injury). Indeed, Briggs' new attacks on the District Court highlight the endless string of allegations of litigation-related misconduct that he will pursue ad nauseum, until this Court puts an end to such machinations. Dismissal of the claims against NBCU should be affirmed, to stop Briggs from dragging it into the spiral of litigation arising from his attempt to re-litigate his failed claims against other defendants.

**D.  The Complaint Fails To Provide Proper Notice Of Any Basis For Briggs' Claims Against NBCU.**

In addition to the preclusion bars to Briggs' Complaint, his lawsuit against NBC should be dismissed because he did not comply with the requirements of Federal Rule of Civil Procedure 8. To give a defendant fair notice of the nature of a lawsuit, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). A

32

"complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to rule 41(b)." Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981) (dismissing with prejudice complaint that was "verbose, confusing and almost entirely conclusory"). Even pro se pleadings "must meet this minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995); see also Mcdaniel v. United States, No. 2:18-CV-2306 JAM DB PS, 2018 WL 5316161, at *2 (E.D. Cal. Oct. 26, 2018) (dismissing pro se complaint under Rule 8; explaining that "plaintiff's complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. Instead, the complaint is comprised of vague and conclusory allegations.").

Here, despite three attempts, Briggs has failed to meet this threshold requirement. The current Complaint, like the two iterations in his Second Lawsuit, is a perplexing pastiche of innuendo, non sequitur, assumptions, and unsupported conclusions, all loosely spun together with bizarre conspiratorial themes.[16] It is impossible to discern what conduct **by NBCU** is alleged to be wrongful, or how **NBCU's** conduct purportedly harmed Briggs. Indeed, NBCU is not even included

---

[16] See, e.g., SER 1289 at ¶ 3, 1312 at ¶ 119, 1312-1313 at ¶ 126, 1314 at ¶ 131, 1317-1318 at ¶¶ 138-141, 1318 at ¶¶ 147-148, 1327 at ¶ 184, 1329 at ¶ 192, 1332 at ¶ 201, 1338 at ¶ 238, 1340 at ¶ 243.

NBCUNIVERSAL'S ANSWERING BRIEF

among the "primary defendant actors" who are alleged to have acted wrongfully. SER 1296-1298 at ¶¶ 40-49. Even if Briggs' disjointed "conspiracy" theory could be understood, the connections between NBCU and the other defendants are premised on undisguised conjecture, that ties were "likely." SER 1307-1308 at ¶¶ 87-94, 1327 at ¶ 184. Stripped of conjecture and arcane conspiracy theories, Briggs' Complaint merely recounts unrelated business deals and film releases over the past two decades. See, e.g., SER 1300 ¶ at 54, 1301 at ¶ 58, 1303 at ¶¶ 66-68, 1309 at ¶ 98, 1310 at ¶ 108, 1318 at ¶ 148. No legal theory permits Briggs to sue NBCU simply because it has done business with other companies or individuals with whom Briggs has a dispute.

Because the Complaint fails to meet the fundamental requirement of providing intelligible notice of the nature of and basis for Briggs' claims against NBCU, the order of dismissal should be affirmed on this independent ground.

**E.  Briggs' Lawsuit Against NBCU Fails On The Merits In Any Event.**

Even if Briggs' Current Lawsuit was not procedurally barred – which it plainly is, for all of the reasons discussed above – this Court should affirm the order dismissing his claims against NBCU because Briggs has failed to establish any basis for suing this Defendant.

**1.  The Complaint Is Inherently Implausible.**

Under Rule 12(b)(6), "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S.

544, 570 (2007)).  The plausibility standard requires "more than 'a sheer

possibility that a defendant has acted unlawfully"; and is met only when the

plaintiff pleads facts that allow the court to "draw the reasonable inference that the

defendant is liable for the misconduct alleged."  Id.

     The requirements for pursuing tort liability based on a theory of conspiracy

in California are rigorous:  the plaintiff "must allege the formation and operation of

the conspiracy, the wrongful act or acts done pursuant to it, and the damage

resulting from such acts.  In making such allegations bare legal conclusions,

inferences, generalities, presumptions, and conclusions are insufficient."  State of

California ex rel. Metz v. CCC Info. Svcs., Inc., 149 Cal. App. 4th 402, 419 (2007)

(emphasis added) (internal citations omitted) (allegations that parties "conspired to

conceal their improper loss valuations" amounted to "bare legal conclusions";

affirming grant of demurrer); see also Twombly, 550 U.S. at 557 (2007) ("a

conclusory allegation of agreement at some unidentified point" does not establish

conspiracy); Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992)

(complaint must "allege specific facts to support the existence of a conspiracy

among the defendants"); Woodrum v. Woodward County, 866 F.2d 1121, 1126

(9th Cir. 1989) ("allegations of conspiracy must be supported by material facts, not

merely conclusory statements").

Faced with outlandish claims, this Court may "draw on its judicial experience and common sense" to dismiss them as inherently implausible. Iqbal, 556 U.S. at 679; see also, e.g., Labonte v. Governor of California, No. EDCV 13-1204-VAP (MAN), 2014 WL 1512229, at *6 (C.D. Cal. Apr. 14, 2014) (allegations that multiple law enforcement officers and public officials conspired to fabricate speeding tickets against plaintiff were "inherently implausible"); Mitchell v. Routh Crabtree Olsen, P.S., No. C 11-03577 JSW, 2012 WL 2792360, at *3 (N.D. Cal. July 9, 2012) ("[a]lthough Plaintiff uses the proper words in an effort to create such a conspiracy, the Court finds that the allegations are merely conclusory legal allegations and are inherently implausible"); Daskalakis v. FBI, No. 4:10-CV-221-BLW, 2011 WL 1900439, at *2, *5, *6 *7 (D. Idaho Apr. 28, 2011) ("speculative" and "outlandish" allegations of conspiracy "do not meet Iqbal's standard of plausibility"), report and recommendation adopted, No. 4:10-CV-221-BLW, 2011 WL 1990661 (D. Idaho May 19, 2011).

Here, Briggs alleges purported concerted action by a host of competing film studios and professionals to engage in wide-ranging copyright infringement and spoliation of evidence – by alleging nothing more than the kind of routine, publicly-reported business deals that the entertainment industry engages in on a daily basis. His delusional "conspiracy" claim is inherently implausible.

Moreover, Briggs' allegations against NBCU specifically are replete with – and depend upon – rampant speculation, rather than factual allegations.  See, e.g., SER 1303 at ¶ 66 ("Emanuel likely received a percentage of the films … and an agreement that Universal Pictures would distribute or provide production money for any reasonably viable film Def Emanuel brought to Universal" (emphasis added)); 1310 at ¶ 108 ("likely, Universal Pictures wouldn't distribute the film" (emphasis added)); 1327 at ¶ 185 ("it is possible that Plaintiff's work may have been misappropriated in countless foreign markets" (emphasis added)); see also AOB at 10 ("Spacey – possibly at the behest of other Defendants – closed the social network to destroy incriminating access evidence" (emphasis added)).

None of the actual **facts** alleged in the Complaint – e.g., that NBCU has worked with Ari Emmanuel, or that NBCU distributed unrelated motion pictures (see Section V.C, supra) – provide any conceivable support for Briggs' absurd theory that this Defendant engaged with other defendants in a massive, widespread conspiracy to misappropriate Briggs' screenplays and frustrate the Copyright Lawsuit.  Olympic-record-sized leaps of inference (combined with conclusory references to all "defendants," without any attempt to identify any specific conduct by NBCU), fail to meet the standard for pleading a conspiracy.  This fundamental defect provides an independent reason to affirm the District Court's order.

## 2. The Complaint Is Time-Barred.

Briggs' claims fail for yet another reason – they are time-barred. The Complaint in the Current Lawsuit was filed August 15, 2018 (SER 1288), well beyond the limitations periods applicable to any claims alleged against NBCU. Briggs' untimely filing provides further grounds to affirm the District Court's dismissal of his claims against NBCU.

### a. Briggs' Negligence And Gross Negligence Claims Against NBCU Are Time-Barred.

Although difficult to understand, the only claims Briggs' current Complaint appears to assert against NBCU (the Sixth and Seventh Causes of Action) appear to sound in negligence and gross negligence, which Briggs claims caused him financial injury. SER 1338-1341 at ¶¶ 236-244. These claims are governed by the two-year statute of limitations set forth in California Code of Civil Procedure § 335.1, which applies to "[a]n action for … injury to … an individual caused by the wrongful act or neglect of another." See Rosales v. Wells Fargo Bank, N.A., No. 13-CV-01316-BLF, 2014 WL 4770572, at *5-6 (N.D. Cal. Sept. 24, 2014) (dismissing claim for financial negligence as outside of Section 335.1 limitations period). Briggs has conceded the applicability of this two-year limitations period to his negligence claims. SER 99.[17]

---

[17] This concession binds Briggs on appeal. See Blaisdell v. Frappiea, 729 F.3d 1237, 1242 (9th Cir. 2013)

To the extent NBCU is mentioned at all in Briggs' negligence and gross negligence claims, his claims appear to be premised largely on NBCU's hiring of Mordecai Wiczyk almost **twenty years ago,** in **1999 or 2000**. SER 1296 at ¶¶ 43, 1338 at ¶ 238.A, 1340 at ¶ 243.B. That conduct plainly is beyond the limitations period.

The negligence claim also refers to other time-barred events that do not involve NBCU, including abstruse allegations about the business dealings of Screenbid in 2014 (SER 1319-1321 at ¶¶ 149-156, 1338 at ¶ 238.B, 1340 at ¶ 243.A); litigation conduct in the Copyright Lawsuit, which was dismissed in 2014 (SER 1338 at ¶ 238.D, 1340 at ¶ 243.C, H); the purchase of film rights to *Elysium* prior to its release in 2013 (SER 1312 at ¶ 121, 1339 at ¶ 238.D, 1340 at ¶ 243.D); and the operation of the social network TriggerStreet, which allegedly was closed in November 2014 (SER 1312 at ¶ 122, 1339 at ¶¶ 238.E-H, 1340 at ¶¶ 243.E-G). Even if these alleged acts could be connected to NBCU – although they cannot – all of them are well beyond the limitations period.

### b.    The Conspiracy Claim Is Time-Barred.

Briggs' conspiracy claim against NBCU appears to derive from his allegations of alleged litigation misconduct by other defendants who were parties to the Copyright Lawsuit, and the copyright infringement claims that Briggs brings against other defendants. SER 1328-1333. These claims are barred by the two-

year statute of limitations set forth in California Code of Civil Procedure § 339 (action upon a contract, obligation, or liability not founded in writing) or the Copyright Act's three-year statute of limitations, 17 U.S.C. §507(b).

Although Briggs does not (and cannot) allege that NBCU had any involvement in producing or distributing *Elysium*, even if NBCU **had** played a role in a purported "conspiracy" involving that film, its alleged conduct would have ended years ago, barring any copyright claim against it. "Under the Act's three-year provision, an infringement is actionable within three years, and only three years, of its occurrence." Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 671 (2014); see also Roley v. New World Pictures, Ltd., 19 F.3d 479, 482 (9th Cir. 1994) (granting summary judgment, holding copyright claim was barred where plaintiff's "assertions rely on naked allegations and speculation" and thus "fail[ ] to produce any evidence that appellees engaged in actionable conduct" within the limitations period).[18]

---

[18] The conduct that Briggs claims constituted direct copyright infringement occurred no later than 2013. SER 1330 at ¶ 192.12. A direct infringement action is barred if the alleged infringer's actions occurred outside of the limitations period, even if continuing infringement allegedly is occurring through the actions of others. Goldberg v. Cameron, No. C-05-03534 RMW, 2009 WL 2051370, at *4 (N.D. Cal. July 10, 2009) (direct infringement claim was barred where plaintiff did not claim defendants "themselves committed any acts of direct infringement" during the limitations period). If Briggs attempted to cast NBCU as a vicarious or contributory infringer, a copyright claim against NBCU could not have accrued from ongoing distribution or performance of *Elysium* because "additional direct infringements do not result in additional contributory infringements arising from

NBCUNIVERSAL'S ANSWERING BRIEF

Like the negligence claim, the conspiracy claim is premised on events that purportedly took place outside of the limitations period. These consist of entertainment business transactions that took place between 2000-2011, and the distribution of films that were widely publicized and released no later than 2015 (SER 1309 at ¶ 98, 1310 at ¶ 108, 1312 at ¶ 119, 1312-1313 at ¶ 126). These include:

- The release of *Elysium* in 2013 (which prompted Briggs' infringement claim when he saw the trailer, read the script, and viewed the film in **2013;** see Blomkamp, 70 F. Supp. 3d 1155, 1158);

- Universal Pictures' hiring of Mordecai Wiczyk no later than **2000** (SER 1296 at ¶ 43, 1338 at ¶ 238.A, 1340 at ¶ 243.B);

- Universal Pictures' casting of Kevin Spacey in the film *K-PAX* in **2001** (SER 1329 at ¶ 192.3); and

- Universal Pictures' purchase of film rights to the film *50 Shades of Grey* and

---

an earlier contributory act and the start of additional limitations periods in which to file suit. The contributory infringement occurs, and the statute of limitations period begins to run, when there has been: (1) an act inducing or materially contributing to (2) an act of direct infringement. Later direct infringements do not restart the statute of limitations for an action based upon contributory infringement." Goldberg, 2009 WL 2051370 at *8. See also Arc Music, Inc. v. Henderson, No. CV 09-7967 DSF (CWX), 2010 WL 11597304, at *3 (C.D. Cal. Mar. 22, 2010) (citing Goldberg, holding copyright claims barred under statute of limitations where defendant's alleged acts of direct, contributory, and vicarious infringement occurred more than three years prior to filing suit).

its hiring of Dana Brunetti in **2013** (SER 1330 at ¶ 192.12).

Because all of the underlying events occurred significantly outside the applicable limitations periods, Briggs cannot state a claim against NBCU, and his lawsuit against this Defendant should be dismissed for this independent reason.

### c. The Discovery Rule Does Not Save Briggs' Claims.

Although Briggs' AOB does not address any "merits" arguments concerning NBCU, his brief in the District Court attempted to invoke the discovery rule, claiming that his claims were "unearthed" between March and November of 2017 – i.e., when Briggs filed his Complaint in the Second Lawsuit.  SER 99; 577. Under the discovery rule, however, a claim accrues when the plaintiff has "notice or information of circumstances to put a reasonable person on inquiry," i.e., when the plaintiff "at least suspects a factual basis, as opposed to a legal theory, for its elements, even if he lacks knowledge thereof – when, simply put, he at least 'suspects ... that someone has done something wrong' to him."  Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999).  Thus, to invoke the discovery rule as a means of tolling the statute of limitations, the plaintiff "must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence."  NBCUniversal Media, LLC v. Superior Court, 225 Cal. App. 4th 1222, 1232 (2014).

Here, even giving broad leeway to his confusing pleadings, Briggs'

allegations show that he should reasonably have discovered the purported factual basis for his negligence and conspiracy theories well before the two-year period prior to the filing of the Complaint. Specifically:

- Briggs discovered the allegedly negligent hiring of Jeff Rovin – the expert witness in the Copyright Lawsuit – no later than **June 12, 2014**, the date that Briggs admits he "moved the court to exclude Rovin's expert report," on the purported grounds that "Rovin had falsified citations and fabricated evidence to substantiate his own claims." SER 1326 at ¶ 182, 1339 at ¶ 238.C.

- Briggs asked TriggerStreet.com for records of individuals who accessed his work on **April 15, 2014**, and received a response disclosing TriggerStreet's deletion of access records that same day. SER 1294 at ¶ 30, 1367-1370.

- In the District Court, Briggs claimed he first learned of [TriggerStreet.com]'s closure around March of 2016" – the same time he became "alarmed that Spacey had gone to Spain to discuss [TriggerStreet.com], as this was a violation of [TriggerStreet.com]'s Terms of Use." SER 1292 at ¶ 24, 1339 at ¶ 238.F-H. The AOB, however, confirms that Briggs was on notice of this purported claim <u>even earlier</u>, asserting that when the social network "closed on November 6,

2014" Briggs "<u>immediately</u> suspected that Spacey – possibly at the behest of other Defendants – closed the social network to destroy incriminating access evidence." AOB at 10 (emphasis added).

- Universal Pictures' casting of Kevin Spacey in *K-PAX* in 2001 and purchase of film rights to *50 Shades of Grey* and hiring of Dana Brunetti in 2013 (SER 1330 at ¶ 192.3, 12) are well-publicized events that put Briggs on notice of any claims arising from those actions. <u>See</u>, <u>e.g.</u>, <u>NBCUniversal Media, LLC</u>, 225 Cal. App. 4th at 1234 (discovery rule could not toll statute after broadcast of program giving rise to implied-contract idea claim because the "discovery rule does not operate to delay accrual of a cause of action 'beyond the point at which their factual basis became accessible to plaintiff to the same degree as it was accessible to every other member of the public'"; collecting cases in accord).

In light of these facts and admissions showing when Briggs was on reasonable notice of the basis for his purported claims, Briggs did not meet his burden to toll the statute of limitations. The dismissal of his claims against NBCU should be affirmed on this independent basis.

### 3. Each Of Briggs' Causes Of Action Suffer From Other Defects That Warrant Dismissal.

None of Briggs' claims against NBCU state any cognizable cause of action for other, independent reasons. These defects provide yet another reason for this

Court to affirm the District Court's dismissal of NBCU.

### a. California Law Does Not Recognize A Claim For Conspiracy.

California does not recognize conspiracy as a freestanding cause of action. Kenne v. Stennis, 230 Cal. App. 4th 953, 968-69 (2014) (citing Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510–11 (1994)); see also Mangindin v. Washington Mut. Bank, 637 F. Supp. 2d 700, 708 (N.D. Cal. 2009) ("[a] conspiracy is not an independent cause of action ….").  Instead, conspiracy is a "theory of liability" that depends on the commission of an underlying tort. Kenne, 230 Cal. App. 4th at 968-69.  As discussed above, Briggs' asserted bases for liability against NBCU fail for numerous reasons.  Sections VII.A-D, E.1-2, supra.  Because none of the allegations come close to supporting the only underlying tort claims against NBCU (negligence and gross negligence), the conspiracy claim fails as well.

### b. Briggs' State-Law Conspiracy Claim Is Preempted By Federal Copyright Law.

To the extent that Briggs' disjointed conspiracy claim seeks to impose liability on NBCU for alleged copyright infringement by other defendants, it is preempted by the federal Copyright Act and must be dismissed with prejudice. The Copyright Act of 1976 expressly preempts all state law claims that are "equivalent to" rights under copyright law.  17 U.S.C. § 301(a).  By enacting

Section 301, Congress sought "to avoid the development of any vague borderline areas between State and Federal protection" in the area of copyrights.  H.R. Rep. No. 94-1476 at 130 (available at https://www.copyright.gov/history/law/clrev_94-1476.pdf).  This "broad statutory preemption scheme" promotes uniformity and ensures that state-law claims are not used as an end-run around the strictures of the federal Copyright Act.  See, e.g., Peckarsky v. ABC, 603 F. Supp. 688, 695 (D.D.C. 1984) (holding state-law unfair-competition and unfair-trade-practices claims preempted by Copyright Act).

A claim is preempted if it (i) falls within the general subject matter of copyright; and (ii) involves state law rights that are "equivalent" to any of the exclusive rights within the scope of federal copyright protection.  Maloney v. T3Media, Inc., 853 F.3d 1004, 1010 (9th Cir. 2017).  The first prong is satisfied if the claim arises from or relates to a work subject to copyright protection, i.e., "original works of authorship fixed in any tangible medium of expression."  Id. at 1011 (citing 17 U.S.C. § 102(a)).  For the second prong, "[t]o survive preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights."  Id. at 1019 (emphasis added; citation omitted).

In Maloney, for example, this Court held that the Copyright Act preempted athletes' right-of-publicity and unfair-competition claims concerning unauthorized use of their likenesses, even though the state-law claims involved different

elements than a copyright claim.  Id. at 1019.  The court reasoned that these state-law claims were "equivalent" to copyright claims because "Plaintiffs … do not identify any use of their likenesses independent of the display, reproduction, and distribution of the copyrighted material in which they are depicted … under those circumstances, none of plaintiffs' claims is qualitatively different from a copyright claim."  Id. (original emphasis).

Here, Briggs alleges a conspiracy aimed at "access[ing] and acquir[ing] original film ideas" to "misappropriat[e] them."  SER 1292 at ¶ 22.  Thus, Briggs plainly seeks to hold NBCU vicariously liable for allegedly "misappropriat[ing]" his screenplay (SER 1329 at ¶ 192) and hopes thereby to recover the "lost profits" he believes would have flowed from that copyrighted work (SER 1333 at ¶ 205).  This attempt to use state law to impose vicarious liability for alleged misappropriation" of a copyrighted work indisputably falls within the subject matter of copyright and is equivalent to a copyright claim.

Not surprisingly, courts repeatedly have held that a claim of "conspiracy to infringe a copyright claim is preempted by the Copyright Act."  Benke v. Departure Agency, Inc., No. CV 11-397-VBF(VBKX), 2011 WL 13129964, at *2 (C.D. Cal. Aug. 11, 2011) (dismissing "conspiracy to infringe claim" with prejudice, holding amendment would be futile; collecting cases); Nat. Alternatives Int'l, Inc. v. Allmax Nutrition, Inc., 258 F. Supp. 3d 1170, 1187 (S.D. Cal. 2017)

NBCUNIVERSAL'S ANSWERING BRIEF

("a copyright-based civil conspiracy claim … fail[s] as a matter of law because [it is] preempted by federal law"); Millennium TGA, Inc. v. Doe, No. 11-2258 SC, 2011 WL 1812786, at *2 (N.D. Cal. May 12, 2011) (common law civil conspiracy claim for copyright infringement could not survive a motion to dismiss).[19]  Thus, even if California recognized a freestanding conspiracy claim on these facts – which it does not – Briggs' claim here would be preempted as a matter of law because it seeks to recover for alleged infringement or "misappropriation" by NBCU of Briggs' copyrighted work.

### c.    The Complaint Fails To Allege Any Negligent Conduct By NBCU.

The claims for negligence and gross negligence independently fail because there are no allegations that show any conduct **by NBCU** that was negligent, or that caused any harm to Briggs.  SER 1338 at ¶ 238, 1340 at ¶ 243.  This provides another independent ground for affirming the order dismissing NBCU.

---

[19] The requirement that a state-law conspiracy claim demonstrate concerted action does not forestall preemption, because "the core of the claim for conspiracy to infringe copyrights is identical to that under the Copyright Act, and the extra element of agreement or combination does not make it otherwise." Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 312 (4th Cir. 2012); see also Millennium TGA, Inc., 2011 WL 1812786, at *2 (reasoning that "[i]n California, a civil conspiracy cause of action 'is merely a mechanism for imposing vicarious liability; is not itself a substantive basis for liability'" and "[f]ederal copyright law has its own doctrine of vicarious liability" (internal citations omitted)).

"[T]he existence of a legal duty in a given factual situation is a question of law for the courts to determine." <u>Jackson v. AEG Live, Inc.</u>, 233 Cal. App. 4th 1156, 1173 (2015). Here, the only purportedly negligent conduct alleged against NBCU is that it once hired Mordecai Wiczyk. SER 1338 at ¶ 238.A, 1340 at ¶ 243.B. Briggs does not allege that NBCU had any kind of a duty to him, or that a duty was breached, nor does the Complaint explain how NBCU's hiring of Mr. Wiczyk caused Briggs any harm. <u>See</u> Judicial Council of California, Negligence – Essential Factual Elements, Civil Jury Instructions (CACI) § 400 (2013). NBCU had no duty to prevent alleged spoliation by parties to the original Copyright Lawsuit – in which NBCU was not involved – nor did it have any duty to prevent alleged copyright infringement in connection with the film *Elysium*, which NBCU did not distribute or produce.

Because Plaintiff's negligence and gross negligence claims against NBCU consist of "'naked assertion[s]' devoid of 'further factual enhancement,'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 557 (alteration in original)), this Court should affirm the dismissal of NBCU for this additional reason.

### d. The Complaint Fails To State A Cause of Action Against NBCU For Accounting.

Briggs cannot state any accounting claim against NBCU.

<u>First</u>, "[a] cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting,

49

and that some balance is due the plaintiff that can only be ascertained by an accounting." Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009). In other words, the party cannot simply sue random companies, demanding an "accounting"; there must have been some minimum dealings with the party from whom he seeks an accounting. See id.

Here, the Complaint does not contains **any** allegation that NBCU ever had any relationship to Briggs, let alone one of fiduciary or business relationship – nor could he make such allegations See, generally, SER 1288-1345. Instead, Briggs' accounting claim is premised on his demand to account for and recover funds related to alleged "spoliation," "cheat[ing] the judicial process" (SER 1327 at ¶ 185.a-b), and "destr[uction] and suppress[ion of] evidence" (SER 1334 at ¶ 264) related to the Copyright Lawsuit that did not involve NBCU, and from the purported misappropriation (SER 1327 at ¶ 185.c) and sale of "derivatives of his work" (SER 1344 at ¶ 265) in connection with the film *Elysium*, which NBCU had no role in producing or distributing. SER 1327 at ¶ 184. None of these allegations provide any basis for an "accounting" from NBCU.

In any event, even if an accounting could be demanded in the absence of a relationship between the parties, there is no balance due from NBCU to Briggs, so there is nothing to be ascertained by an accounting. To justify an accounting, there must be a showing that "some balance is due the plaintiff." Jolley v. Chase Home

<u>Fin., LLC</u>, 213 Cal. App. 4th 872, 910 (2013). An accounting is "more aptly described as a remedy rather than a stand-alone cause of action." <u>Gabris v. Aurora Loan Servs. LLC</u>, No. 2:14-CV-01759-JAM-KJN, 2015 WL 1021305, at *5 (E.D. Cal. Mar. 9, 2015); <u>see</u> <u>also</u> <u>Fleet v. Bank of Am. N.A.</u>, 229 Cal. App. 4th 1403, 1414 (2014) (dismissing claim for accounting where subject of accounting "will constitute an element of their damage" and so "can be folded into" the underlying causes of action).

Here, as discussed above, Briggs' only claims against NBCU that are even arguably cognizable are negligence claims, and they are bereft of any factual support or plausible argument. His conspiracy claim is not legally cognizable, it is inherently implausible, and it is time-barred. No accounting could be conducted as to NBCU concerning the profits from *Elysium* because – as the Complaint acknowledges – NBCU did not produce or distribute that film. SER 1327 at ¶ 184.

<u>Second</u>, to the extent Briggs' request for accounting is premised on ascertaining the damages flowing from alleged spoliation in the Copyright Lawsuit, it is barred because "a tort cause of action does not lie against a person who has intentionally destroyed or suppressed evidence relevant to a lawsuit." <u>Warden v. Cross</u>, 94 Fed. Appx. 474, 475 (9th Cir. 2004) (applying California law). In <u>Temple Cmty. Hosp.</u>, the California Supreme Court rejected a claim for alleged spoliation by a third party. 20 Cal. 4th at 473. As the Court explained, its

concerns about endless litigation fully apply to lawsuits against third parties: "We are reluctant to provide disappointed litigants a second opportunity to seek the compensation they sought in the original lawsuit, even if they seek it against a party not involved in the original lawsuit." Id. at 472. Thus, even if spoliation claims were allowed under California law (which they are not), Briggs' claim against NBCU nonetheless would fail because he has not alleged any **facts** to support such a claim. Thus, no underlying claim justifies the remedy of an accounting.

Third, the spoliation damages that Briggs seeks also are inherently uncertain, barring any claim for an "accounting." In refusing to recognize a spoliation cause of action, the California Supreme Court noted:

> Another consideration weighing against recognition of a tort remedy for intentional first party spoliation is the uncertainty of the fact of harm in spoliation cases. It seems likely that in a substantial proportion of spoliation cases the fact of harm will be irreducibly uncertain. In such cases, even if the jury infers from the act of spoliation that the spoliated evidence was somehow unfavorable to the spoliator, there will typically be no way of telling what precisely the evidence would have shown and how much it would have weighed in the spoliation victim's favor. Without knowing the content and weight of the spoliated evidence, it would be impossible for the jury to meaningfully assess what role the missing evidence would have played in the determination of the underlying action. The jury could only speculate as to what the nature of the spoliated evidence was and what effect it might have had on the outcome of the underlying litigation.

Cedars-Sinai Med. Ctr. v. Superior Court, 18 Cal. 4th 1, 13-14 (1998) (emphasis

added). Consequently, Briggs' request for an accounting not only is unjustified because there is no underlying claim against NBCU for which it would be a remedy, the purported damages would be incurably speculative. This Court should affirm the dismissal of the accounting claim against NBCU for these independent reasons as well.

## VIII. CONCLUSION

Enough is enough. Briggs seeks once again to revive a prior Copyright Lawsuit that was fully extinguished in 2018, when he exhausted his final avenues for appellate review of that case. The District Court properly rejected Briggs' attempt to relitigate the final dismissal of the Complaint under the guise of new claims for conspiracy and "spoliation." Briggs does not even attempt to argue in his AOB that the claims against NBCU can survive collateral estoppel or the collateral attack doctrine – which they cannot. And even if all the procedural barriers to Briggs' latest lawsuit were removed, his attempt to drag NBCU into his dispute with other defendants are patently absurd.

/ / /

/ / /

/ / /

/ / /

/ / /

NBCUNIVERSAL'S ANSWERING BRIEF

For all the reasons discussed above, this Court should affirm the District Court's

Order of dismissal of NBCU, and should sanction Briggs for his frivolous and

improper appeal.

RESPECTFULLY SUBMITTED this 28th day of May, 2019.

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
ROCHELLE L. WILCOX
BRENDAN N. CHARNEY


By *Rochelle L. Wilcox*
    Rochelle L. Wilcox

Attorneys for Appellee/Respondent
NBCUniversal Media, LLC

## CERTIFICATE OF COMPLIANCE

The foregoing brief complies with the requirements of Federal Rule of Appellate Procedure 32(a)(7)(C) and Circuit Rule 32-1. The brief is proportionately spaced in Times New Roman 14-point type. According to the word processing system used to prepare the brief, the word count of the brief is 12,573 words, not including the table of contents, table of authorities, certificate of service, and certificate of compliance.

DATED this 28th day of May, 2019.

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
ROCHELLE L. WILCOX
BRENDAN N. CHARNEY


By *Rochelle L. Wilcox*
    Rochelle L. Wilcox

Attorneys for Appellee/Respondent
NBCUniversal Media, LLC

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, NBCUniversal Media, LLC states

that it is unaware of any related cases currently pending before this Court.

DATED this 28th day of May, 2019.

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
ROCHELLE L. WILCOX
BRENDAN N. CHARNEY


By *Rochelle L. Wilcox*
    Rochelle L. Wilcox

Attorneys for Appellee/Respondent
NBCUniversal Media, LLC