No. 19-15128

# In the United States Court of Appeal for the Ninth Circuit

STEVE WILSON BRIGGS

*Plaintiff/Appellant*

*v.*

KEVIN SPACEY, ARI EMANUEL, MATT DAMON, BEN AFFLECK, MRC, NEILL BLOMKAMP, NBCUNIVERSAL, ASIF SATCHU, BILL BLOCK, SONY PICTURES ENT, MORDECAI WICZYK, DANA BRUNETTI

*Defendants/Appellees*
_____

On Appeal from the U.S. District Court for Northern District of California
CASE NO. 3:18-CV-4952-VC
THE HONORABLE VINCE CHHABRIA

**APPELLEE TRIGGER STREET PRODUCTIONS, INC.'S
RESPONDENT BRIEF**

*STEPHEN G. LARSON (SBN 145225)
JONATHAN E. PHILLIPS (SBN 233965)
A. ALEXANDER LOWDER (SBN 269362)
**LARSON O'BRIEN LLP**
555 S. FLOWER STREET, 44TH FLOOR
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: (213) 436-4888
FACSIMILE: (213) 623-2000
EMAIL: SLARSON@LARSONOBRIENLAW.COM

*Counsel for TRIGGER STREET PRODUCTIONS, INC.*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Ninth Circuit Rule 26.1, Defendant/Appellee

Trigger Street Productions, Inc. certify that Trigger Street

Productions, Inc. does not have a corporate parent and no publicly

held corporation owns 10% or more of its stock.

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT ............................................. 2

STATEMENT OF JURISDICTION ........................................................ 1

STATEMENT OF THE CASE ............................................................... 3

    A.    BRIGGS FIRST SUES IN *BRIGGS I* ................................. 3

    B.    BRIGGS SUES AGAIN IN *BRIGGS II* ............................... 5

    C.    *BRIGGS III*: THE CURRENT CASE ................................... 6

SUMMARY OF ARGUMENT ............................................................... 8

STANDARD OF REVIEW .................................................................. 9

ARGUMENT ................................................................................. 11

    I.    THE CONSPIRACY, FRAUD, NEGLIGENCE, AND SPOLIATION CLAIMS WERE PROPERLY DIMMISSED UNDER ISSUE PRECLUSION ..................... 12

    II.    THE BREACH OF CONTRACT AND COPYRIGHT INFRINGMENT CLAIMS WERE PROPERLY DIMMISSED FOR FAILING TO STATE A CLAIM .......... 17

    III.    ALL OF BRIGGS'S CLAIMS ARE TIME BARRED ....... 19

    IV.    CLAIMS 1 AND 3-10 FAIL TO STATE A CLAIM FOR ADDITINOAL REASONS ........................................ 24

    V.    CONCLUSION .................................................... 28

CERTIFICATE OF COMPLIANCE [CAL. RULE OF COURT 8.204(C)] ............................................. 29

STATEMENT OF RELATED CASES ..................................................... 30

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*
7 Cal.4th 503 (1994) ............................................................... 25

*Briggs v. Blomkamp*,
70 F. Supp. 3d 1155 (N.D. Cal. 2014), *aff'd sub nom.*
*Briggs v. Sony Pictures Entm't, Inc.*, 714 F. App'x 712
(9th Cir. 2018)............................................................... 3, 4, 14

*Briggs v. Sony Pictures Entm't, Inc.*,
139 S. Ct. 233 (2018) ................................................................ 4

*Briggs v. Sony Pictures Entm't, Inc.*,
714 F. App'x 712 (9th Cir. 2018) ............................................. 4

*Cobbler Nevada, LLC v. Gonzales*,
901 F.3d 1142 (9th Cir. 2018) ............................................... 10

*Collins v. D.R. Horton, Inc.*,
505 F.3d 874 (9th Cir. 2007) ............................... 13, 14, 15, 16

*Coto Settlement v. Eisenberg*,
593 F.3d 1031 (9th Cir. 2010) ............................................... 10

*Destfino v. Reiswig*,
630 F.3d 952 (9th Cir. 2011) ................................................. 25

*Deutsch v. Flannery*,
823 F.2d 1361 (9th Cir. 1987) ............................................... 25

*Forbes v. Cty. of San Bernardino*,
101 Cal. App. 4th 48 (2002) .................................................. 27

*Harrell v. 20th Century Ins. Co.*,
934 F.2d 203 (1991)............................................................... 24

*Intri-Plex Techs., Inc. v. Crest Grp., Inc.*,
499 F.3d 1048 (9th Cir. 2007) ............................................... 11

*Jablon v. Dean Witter & Co.*,
614 F.2d 677 (9th Cir. 1980) ................................................. 19

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Jackson v. AEG Live, Inc.*,
   233 Cal.App.4th 1156 (2015) ..................................................................... 26

*Jefferson v. J.E. French Co.*,
   54 Cal.2d 717 (1960) ................................................................................... 23

*Johnson v. Federal Home Loan Mortg. Corp.*,
   793 F3d 1005 (9th Cir. 2015) ..................................................................... 18

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*,
   540 F.3d 1049 (9th Cir. 2008) ...................................................................... 9

*Paulsen v. CNF Inc.*,
   559 F.3d 1061 (9th Cir. 2009) ................................................................... 10

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
   572 U.S. 663 (2014) ................................................................................... 23

*Pisciotta v. Teledyne Industries, Inc.*,
   91 F.3d 1326 (9th Cir. 1996) ..................................................................... 20

*Rein v. Providian Fin. Corp.*,
   270 F.3d 895 (9th Cir. 2001) ..................................................................... 13

*Robi v. Five Platters, Inc.*,
   838 F.2d 318 (9th Cir. 1988) ..................................................................... 13

*Roth v. Garcia Marquez*,
   942 F.2d 617 (9th Cir. 1991) ..................................................................... 10

*Sateriale v. R.J. Reynolds Tobacco Co.*,
   697 F.3d 777 (9th Cir. 2012) ..................................................................... 21

*Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*,
   733 F.3d 1251 (9th Cir. 2013) ................................................................... 19

*Steve Wilson Briggs v. Universal Pictures, et al.*,
   N.D. Cal. Case No. 17-cv-06552-VC (*Briggs II*) ...................................... 5

*Stevens v. Jiffy Lube Int'l, Inc.*,
   911 F.3d 1249 (9th Cir. 2018) ............................................................. 19, 24

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Unicolors, Inc. v. Urban Outfitters, Inc.*,
  853 F.3d 980 (9th Cir. 2017) .................................................................. 27

## Statutes

17 USC § 106(3) ........................................................................................ 17

17 USC § 501(a) ........................................................................................ 17

17 USC § 602(a)(2) .................................................................................... 17

Cal. Civ. Proc. Code
  § 338(d) .................................................................................................. 21
  § 337(1) .................................................................................................. 21
  § 339(1) .................................................................................................. 22

## Other Authorities

Fed. R. Civ. P. 9(b) .............................................................................. 25, 26

Fed. R. Civ. P. 12(b)(6) ............................................................................. 9

## STATEMENT OF JURISDICTION

The United States District Court for the Central District of California had subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because the case involved issues of copyright infringement which arise under the laws and treaties of the United States. Additionally, the District Court had supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367(a) over all other related claims that formed part of the same controversy.

On December 22, 2018, the District Court issued an order granting Defendant and Appellee Trigger Street Productions, Inc.'s ("Trigger Street") motion to dismiss, without leave to amend, against Plaintiff and Appellant Steve Wilson Briggs ("Briggs"). Briggs filed his Notice of Appeal on January 22, 2019. This Court thus has jurisdiction under 28 U.S.C. § 1291.

## ISSUES PRESENTED FOR REVIEW

Trigger Street presents the following additional issues for review:

1.      Whether the District Court properly dismissed Briggs's first, third, fourth, fifth, sixth, seventh, eighth, and eleventh causes of action under the doctrine of issue preclusion, given that those causes of action were rooted in and based on Briggs's previously adjudicated and dismissed claims.

2.      Whether the District Court properly dismissed Briggs's second, ninth, and tenth causes of action for failing to state a claim, given that those causes of action relied on an unreasonable interpretation of the Parties' contract, which was attached to the Complaint.

3.      Whether the District Court's order of dismissal may be properly affirmed, given that all of Briggs's causes of action are time barred, as evident from the face of the Complaint.

4.      Whether the District Court's order of dismissal may be properly affirmed, given that all of Briggs's causes of action fail to state a claim upon which relief may be granted.

## STATEMENT OF THE CASE

This case represents Briggs's third attempt to sue a host of film executives, actors, directors, and studios for allegedly stealing his obscure script and making it into a Hollywood blockbuster. As held twice before, Briggs's claims have no merit, and must be dismissed, again.

### A. BRIGGS FIRST SUES IN *BRIGGS I*

In 2013, Briggs became convinced that the Hollywood blockbuster film, *Elysium*, was based on his obscure, unproduced, six-year old screenplay, *Butterfly Driver*. *See* ER 1021-47. Naturally, Briggs sued Neill Blomkamp, *Elysium*'s writer and director, Sony Pictures, *Elysium*'s distributor, and Media Rights Capital ("MRC"), *Elysium*'s producer, for copyright infringement ("*Briggs I*"). *Briggs v. Blomkamp*, 70 F. Supp. 3d 1155, 1159 (N.D. Cal. 2014), *aff'd sub nom. Briggs v. Sony Pictures Entm't, Inc*., 714 F. App'x 712 (9th Cir. 2018).

In *Briggs I*, Briggs alleged that Blomkamp accessed *Butterfly Driver* through Trigger Street's website. *Id.* at 1165. At the time, Trigger Street's website allowed members to upload their unproduced screenplays in order to receive feedback from other members. *Id.* at

- 3 -

1158.  Briggs claimed he uploaded *Butterfly Driver* to Trigger Street's website in 2007, where Blomkamp accessed and allegedly stole it.  *Id*.

Following discovery and briefing, Judge Phyllis Hamilton found that Briggs failed to establish both of the necessary elements of a copyright action: access and similarity.  *Id.* at 1167.  Specifically, Judge Hamilton found that Briggs could not establish that Blomkamp accessed *Butterfly Driver* through Trigger Street's website, and that Briggs could not establish *Elysium* bore a similarity to *Butterfly Driver.  Id.*  Accordingly, Judge Hamilton granted summary judgment against Briggs and dismissed *Briggs I* in its entirety.  *Id.* at 1178.

Briggs appealed.  *Briggs v. Sony Pictures Entm't, Inc*., 714 F. App'x 712, 713 (9th Cir. 2018).  Having reviewed the matter *de novo,* this Court affirmed, finding that "Briggs failed to raise a genuine dispute of material fact as to whether defendants accessed his screenplay *Butterfly Driver*, or whether Briggs's screenplay and defendants' film *Elysium* are either strikingly or substantially similar." *Id.*

The Supreme Court of the United States denied Briggs's petition for certiorari.  *Briggs v. Sony Pictures Entm't, Inc.*, 139 S. Ct. 233 (2018).

## B.   BRIGGS SUES AGAIN IN *BRIGGS II*

With his first case fully adjudicated and dismissed, Briggs tried again.  But because his appeal was still pending, and he apparently was not willing to wait on this Court's ruling in *Briggs I*, Briggs got creative.  In *Steve Wilson Briggs v. Universal Pictures, et al.*, N.D. Cal. Case No. 17-cv-06552-VC (*Briggs II*), Briggs dropped the copyright infringement claims, cobbled together a hodgepodge of California causes of action, and added an additional 20 defendants to those previously named in *Briggs I*.  ER 1063.  However, because Briggs failed to allege federal subject matter jurisdiction, the defendants moved for dismissal, and Briggs amended his complaint to avoid it.  ER 1054-1056.

To conjure up subject matter jurisdiction, Briggs amended his complaint to add copyright infringement claims against Kevin Spacey and Dana Brunetti, Trigger Street's principals.  ER 1125.  Notably, Briggs's additional infringement claims revolved around the same claims previously dismissed in *Briggs I*—namely that *Elysium* infringes on Briggs's *Butterfly Driver* screenplay.  ER 1183.

However, because Briggs failed to properly serve Spacey and Brunetti, his copyright claims, and thus federal jurisdiction,

- 5 -

evaporated.  ER 1186-87.  With no subject matter jurisdiction, the Court again dismissed *Briggs II.*  *Id.*

## C.  ***BRIGGS III*: THE CURRENT CASE**

Inexplicably, on August 15, 2018, Briggs decided to file *another* complaint (*Briggs III*), against the same defendants and with almost identical causes of action as *Briggs II.*  *ER* 1288.  In *Briggs III,* Briggs continues his crusade against *Elysium,* alleging a variety of copyright infringement and ancillary California causes of action.  *Id.*

Specifically[1], Briggs alleges that he was a member of Trigger Street's community of filmmakers from 2006 to 2014.  ER 1289, 1292.  Briggs further claims that when he became a Trigger Street member, he agreed to Trigger Street's *Terms of Use* and other agreements.  ER 1333.  Briggs attached those *Terms of Use* and other agreements to the Complaint as Exhibits A, B, and C, and expressly incorporated them throughout the Complaint.  ER 1293, 1333, 1346-1359.  Briggs claims that in 2007, he uploaded his *Butterfly Driver*

---

[1] Due to the haphazard and conclusory nature of the allegations in the Complaint, Trigger Street has limited its recitation to those allegations it was able to decipher.

screenplay to Trigger Street's website, and a few months later, also in 2007, he removed the screenplay from the website.  ER 1311, 1368.

Additionally, Briggs alleges that Kevin Spacey, Trigger Street's principal, violated the *Terms of Use*, when he "travel[ed] to Spain for a film festival, in 2009, where he gave a speech and boasted of [Trigger Street's website's] '400,000 members around the world.'" ER 1292.  In reality, however, the *Terms of Use* advised Trigger Street's members that the website's content could be accessed from locations outside the United States, and informed members that it was their obligation to ensure their use of the site complied with local laws.  ER 1348-1350.

On or about April 15, 2015, while Briggs was litigating his copyright claims in *Briggs I*, Briggs wrote to Trigger Street to request "all records of every member who accessed [his] work during the timeframe (01/01/2007 to 08/31/2007)."  ER 1294, 1368.  The same day, Trigger Street responded and advised Briggs that "once your submission is deleted from the site all records are deleted as well." ER 1294, 1370.  Briggs's email and Trigger Street's response are attached to the Complaint as Exhibits E and F, and expressly incorporated by reference therein.  ER 1294, 1368, 1370.  In 2014,

Trigger Street announced that it would be shutting down its website. ER 1362.

Briggs further alleges that the "Defendants' grossly negligent culture and practices inevitably led to the misappropriation of [Briggs's] intellectual property, and led Defendant Sony Pictures to purchase the infringing film, *Elysium*, without first reading Defendant (Def) Blomkamp's screenplay." ER 1295. Briggs also asserts that the "Defendants' final illegal action occurred on Nov 6th, 2014 … when Defs surreptitiously closed [Trigger Street's website]." ER 1295. Because Kevin Spacey and Dana Brunetti are the founders of the website and its CEOs, Briggs alleges that Trigger Street "is complicit in all of Defs Spacey's and Brunetti's violations, detailed herein." ER 1313.

## SUMMARY OF ARGUMENT

The District Court properly dismissed Briggs's claims of conspiracy, fraud, negligence, and spoliation (claims Nos. 1 and 3-8) because the doctrine of issue preclusion (collateral estoppel) bars Briggs from re-litigating previously adjudicated matters. The legal and factual allegations which formed the basis for Briggs's allegations were already litigated and decided in *Briggs I*. The District Court

rejected Briggs's contention that the matters were distinct, properly finding that the addition of new causes of action and defendants failed to cure Briggs's derivative factual and legal allegations.

The District Court also properly dismissed Briggs's claims for breach of contract and copyright infringement (claims Nos. 2 and 9-10) because Briggs's claims were conclusory and implausible as evident from the Parties' agreement, which was attached to the Complaint. The District Court properly found that no reasonable reading of the agreement could give rise to Briggs's interpretation and claims.

Additionally, the District Court's dismissal may be upheld because all of Briggs's claims are time barred and defectively pleaded. While the District Court did not address these issues in its opinion, this Court may review and rule on these additional grounds.

## STANDARD OF REVIEW

An appeal from a grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is reviewed *de novo*. Fed. R. Civ. P. 12(b)(6); *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

"A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its face.'" *Coto Settlement v. Eisenberg,* 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 697 (2009)). Factual allegations are well-pled when they provide more than a speculative right to relief. *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1147 (9th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Court "is not [] required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009); *see also Roth v. Garcia Marquez*, 942 F.2d 617, 625, n.1 (9th Cir. 1991) ("when the allegations of the complaint are refuted by an attached document, the Court need not accept the allegations as being true.") The Court may also reject legal conclusions "cast in the form of factual allegations." *Paulsen*, 559 F.3d at 1071 (citing *Cedars-Sinai Medical Center v. National League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007)).

## **ARGUMENT**

Briggs's Opening Brief advances a host of farfetched arguments, which are untethered to the factual and legal claims at issue in the operative Complaint and the District Court's dismissal order. *Appellant's Brief*, pp. 8, 16. These arguments, which include vast conspiracies ensnaring the President of the United States and the District Court Judge, the Honorable Vince Chhabria, are meritless, irrelevant, and therefore should be ignored. *Intri-Plex Techs., Inc. v. Crest Grp., Inc.,* 499 F.3d 1048, 1052 (9th Cir. 2007) (in reviewing dismissal orders, the court should only consider the complaint, attached documents, and facts not subject to reasonable dispute). As such, Trigger Street has focused its arguments, as it must, on the claims of the operative Complaint, the documents attached and referenced in the Complaint, the District Court's dismissal order, and the applicable law and uncontroverted facts. *Id.* When these relevant matters are considered, there is no question that the District Court properly dismissed all of Briggs's claims.

- 11 -

I. **THE CONSPIRACY, FRAUD, NEGLIGENCE, AND SPOLIATION CLAIMS WERE PROPERLY DIMISSED UNDER ISSUE PRECLUSION**

At the core of Briggs's conspiracy, fraud, negligence, and spoliation claims is the allegation that he was harmed when Sony distributed the allegedly infringing *Elysium.* ER 3, 1295; 1338-1339. Briggs's conspiracy claims are rooted in an alleged conspiracy to steal his script and hide that fact from the court. ER 1289-90, 1329-32. Briggs's fraud claims are rooted in an alleged "fraud" to make his script available to be stolen and hide that fact from the court. ER 1337-38. Briggs's negligence claims are rooted in an alleged "negligent culture" which caused his script to be stolen. ER 1295; 1338-1339. Briggs's spoliation claim is rooted in the alleged destruction of evidence that his script was stolen. ER 1341-42. And Briggs's only claimed damages for each of these claims flow from his allegation that *Elysium* infringed on his copyrighted work. ER 1327, 1344.

But, as the District Court correctly found, *Briggs I,* already decided that Briggs was *not* harmed, and that *Elysium* did *not* infringe on his copyright. ER 3 *citing Briggs v. Blomkamp*, 70 F. Supp. 3d

1155, 1159 (N.D. Cal. 2014), *aff'd sub nom. Briggs v. Sony Pictures Entm't, Inc.*, 714 F. App'x 712 (9th Cir. 2018). Because the lynchpin to Briggs's claims was already adjudicated and dismissed in a prior case, he is collaterally estopped from alleging his conspiracy, fraud, negligence, and spoliation claims. ER 3; *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 881 (9th Cir. 2007) ("collateral estoppel precludes a plaintiff from re-litigating identical issues by merely switching adversaries").[2]

The doctrine of collateral estoppel, also known as issue preclusion, prevents re-litigation of issues of fact or law that were actually litigated and decided in a prior proceeding. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) (quoting *Segal v. American Tel. & Tel. Co.*, 606 F.2d 842, 845 (9th Cir. 1979)). "Under this doctrine, a party is precluded from re-litigating an issue if four requirements are met: (1) there was a full and fair opportunity to

---

[2] Briggs's claims are also barred by the collateral attack doctrine, which precludes litigants from attacking valid judgments by raising similar claims in other courts. *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 902 (9th Cir. 2001). Because this issue is fully addressed in Defendants/Appellees MRC, Wiczyk, Satchu, Sony, and Emanuel's Answering Brief, and for the sake of judicial efficiency, Trigger Street joins in its co-Defendants/Appellees' argument rather than asserting these same claims here.

litigate the issue in the previous action; (2) the issue was actually litigated; (3) there was final judgment on the merits; and (4) the person against whom collateral estoppel is asserted was a party to or in privity with a party in the previous action." *Collins*, 505 F.3d at 881.

As explained above, the third and fourth elements of collateral estoppel are indisputable. The *Briggs I* court entered final judgment on the merits against Briggs, who is the plaintiff in both cases. *See Briggs* 70 F. Supp. 3d at 1159. And as set forth below, the judgment in *Briggs I* also satisfies the remaining elements of collateral estoppel, because the bedrock for Briggs's claims—harm stemming from *Elysium*'s alleged infringement—was actually litigated with a final judgment on the merits entered against Briggs in *Briggs I. Id.*

For example, Briggs's conspiracy claims are estopped because they revolve around Briggs's previously-dismissed allegation that "Defendants' unlawful relationship…[caused them to buy] the rights to *Elysium* (a film that infringes on Plaintiff's copyright protected work." ER 1289-90, 1329-32. But *Briggs I* already ruled that *Elysium* does **not** infringe on Briggs's copyrighted work, and thus his effort to "relitigate issues decided by Chief Judge Hamilton" must be

dismissed.  ER 3.  Similarly, Briggs's only alleged damages also flow from a theory of recovery he is collaterally estopped from proving—copyright infringement related to *Elysium*.  ER 1327, 1333, 1344. Because Briggs is estopped from alleging essential elements of his conspiracy claim—i.e. damages—his claim is fatally flawed and should be dismissed.

Briggs's fraud claims suffer the same fatal flaw because he insists that Defendants/Appellees committed fraud by skewing the judgement and holding in *Briggs I* (ER 1289-90, 1335-38), and because Briggs's alleged damages stem from "injuries related to distress and the emotional and intellectual challenges of defending one's intellectual property."  ER 1337.  As with the conspiracy claims, Briggs is estopped from making such claims because they hinge on allegations that were already adjudicated against him in *Briggs I*. *Collins*, 505 F.3d at 881.  And because Briggs cannot allege essential elements of his fraud claims, they too must be dismissed.

The same result befalls Briggs's negligence claims.  Again Briggs hitches his wagon to a previously dismissed horse, claiming that "grossly negligent culture and practices inevitably led to the misappropriation of Plaintiff's intellectual property and … to purchase

the infringing film, *Elysium*." ER 1295, 1338-39. And again, Briggs's only alleged damages arise from the alleged infringement and the rulings in *Briggs I*. ER 1339, 1341. But once again, Briggs is prohibited from alleging these essential elements because *Briggs I* already rejected them, and thus his negligence claims must be dismissed.

Finally, Briggs's spoliation claims fail for the same reason. Again Briggs is estopped from alleging the central elements of his claim—namely that *Briggs I* was wrongly decided and that Briggs's damages stem from *Elysium*'s infringement of his work. ER 3, 1341-42. As with his other claims, because Briggs cannot allege these critical elements, his claim must fail and therefore be dismissed. *Collins*, 505 F.3d at 881.

In short, because Briggs is estopped from alleging key elements of his conspiracy, fraud, negligence, and spoliation claims, the District Court's order should be upheld.

## II.   THE BREACH OF CONTRACT AND COPYRIGHT INFRINGMENT CLAIMS WERE PROPERLY DIMISSED FOR FAILING TO STATE A CLAIM

The only claims Briggs raises that are not precluded—his allegations of breach of contract and copyright infringement (claims 2 and 9-10)—also fail.

As the District Court correctly found, Briggs's breach of contract and copyright infringement claims depend on his "implausible" allegation that Trigger Street was prohibited from making his screenplay available outside the United States.  ER 3-4. Briggs claims that Trigger Street's website's international access violated the Parties' agreement and infringed his copyright as unlicensed exportation.  ER 1289-90, 1343 ("[t]he Defendants (by marketing TS around the world, and making the Plaintiff's work available around the world on the TS social network, without the Plaintiff's knowledge or consent) willfully violated 17 USC § 602(a)(2).  In doing so, the Defendants violated the Plaintiff's exclusive right to distribute his work under 17 USC 106(3), enforceable under 17 USC§ 501(a): Copyright Infringement").

- 17 -

But as the District Court found, "Briggs's interpretation of triggerstreet.com's Terms of Use, as incorporated by reference in the complaint, is implausible on the face of the agreement." ER 3-4. The Parties' agreement, memorialized in Trigger Street's *Terms of Use* and attached to the Complaint, clearly explains that screenplays uploaded to the Website—like Briggs's *Butterfly Driver*—may be used by Trigger Street "*throughout the world* in perpetuity for any purpose whatsoever, including, but not limited to, reproduction, disclosure, transmission, publication, broadcast, posting and sublicensing." ER 4 *citing to* ER 1348 (emphasis added).

Thus, not only did the Parties' agreement not contemplate a restriction to domestic use, it clearly and explicitly *rejected* such a notion. ER 3-4. Because the provision that serves as the foundation for Briggs's claims states the opposite of what he alleges, and because the terms of the contract explicitly allow the conduct Briggs claims was forbidden, the District Court correctly found that "[n]o reasonable reading of that section could give rise to that obligation." *Id.*; *see also Johnson v. Federal Home Loan Mortg. Corp*., 793 F3d 1005, 1007-1008 (9th Cir. 2015) (courts may disregard allegations in the complaint if contradicted by facts established by reference to

documents attached as exhibits to the complaint); *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC,* 733 F.3d 1251, 1254 (9th Cir. 2013) (courts not required to accept as true unreasonable inferences). The District Court's order dismissing Briggs's breach of contract and copyright infringement claims should therefore be upheld.

### III. ALL OF BRIGGS'S CLAIMS ARE TIME BARRED

This Court should further affirm on the alternative basis that all of Briggs's claims are time barred. *Stevens v. Jiffy Lube Int'l, Inc.,* 911 F.3d 1249, 1252 (9th Cir. 2018) (a circuit court "may affirm on any ground supported by the record," even if not relied upon by the district court). "If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)

Trigger Street moved to dismiss each and every claim in the Complaint as stale. ER 982, 991-96. The District Court dismissed Briggs's claims on other grounds, thereby mooting this issue below. However, Briggs's allegations in the Complaint make clear that dismissal on statute of limitations grounds is also appropriate.

According to the Complaint, "Defendants' final illegal action occurred on Nov 6th, 2014 … when Defs surreptitiously closed [triggerstreet.com]." ER 1295. Therefore, the statute of limitations for all of Briggs's claims accrued on November 6, 2014, at the very latest.

Of course, this is actually being generous. According to Briggs, he permanently removed his screenplay from triggerstreet.com in August 2007. ER 1368. And there can be no question that he was aware of his claimed injuries no later than 2013 when he sued for damages in *Briggs I*. *See Pisciotta v. Teledyne Industries, Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996) (holding that the statute of limitation begins accruing when the plaintiff knows of the injury that is the basis of the action). Therefore, it is apparent on the face of the Complaint that Briggs's claims all fail as time barred.

*First,* Briggs's breach of contract claim (claim No. 2[3]) is time barred because Briggs brought it **five years** after the statute of limitation lapsed—the statute ran in November 2013. Briggs alleges he entered into a contract with Trigger Street when he "joined the

---

[3] Briggs's first and eighth claims (civil conspiracy and spoliation of evidence) are not legitimate causes of action as address below.

Trigger Street social network in 2006." ER 1289-90, 1292, 1333-34.
Briggs also alleges that Trigger Street breached the contract when
Kevin Spacey, one of Trigger Street's principals, boasted about the
website's 400,000 international members in November 2009. ER
1334.

The statute of limitations for a breach of contract claim is four
years. Cal. Code. Civ. Proc. § 337(1). Assuming arguendo that
Spacey's boasting was a breach of the contract, Briggs would have
needed to bring his breach of contract claim on or before November
2013. *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 792 (9th
Cir. 2012). Instead, Briggs brought his breach of contract claim in
August 2018, almost five years after the statute of limitation had run
out—and thus this claim is time barred.

*Second,* Briggs's fraud, deceit, and concealment claims (claims
3-5) are time barred because Briggs brought them **nine months** after
the statute of limitation had elapsed—the statute ran on these claims
on November 6, 2017 at the latest. The statute of limitations for fraud
claims is three years. Cal. Civ. Proc. Code § 338(d). Briggs's fraud,
deceit, and concealment claims involve representations made on
Trigger Street's website. ER 1335-36. But Briggs alleges in his

- 21 -

Complaint that he knew that Defendants' final illegal action occurred on November 6, 2014, "when Defs surreptitiously closed [Trigger Street's website]." ER 1295. Of course, if Defendants last "illegal action" occurred on November 6, 2014—and if Trigger Street's website was shut down after that date, making it impossible for any additional supposed misrepresentations to be made on the site—then Briggs's fraud, deceit, and concealment claims would necessarily be time barred after November 6, 2017. Because Briggs only brought his claims in August of 2018, they were untimely.

*Third,* Briggs's negligence claims (claims 6-7) are time barred because Briggs brought them **one year and nine months** after the statute of limitation had elapsed—the statute ran on November 6, 2016 at the latest. Under California law, the statute of limitations for negligence actions is two years. Cal. Code. Civ. Proc. § 339(1). Briggs's negligence claims revolve around actions allegedly taken by Trigger Street in connection with its website. ER 1338-41. But, as noted above, the website was shut down on November 6, 2014. ER 1289-90; 1295. As such, Briggs's negligence claims had to be brought prior to November 6, 2016. Because Briggs did not bring

these claims until August 2018, a year and nine months after they became due, they were untimely.

*Fourth*, Briggs's international copyright infringement claims (claims 9-10) are time barred because Briggs brought them **nine months** after the statute of limitation had elapsed—the statute ran on November 6, 2017. The statute of limitations for all claims arising under the Copyright Act is three years. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 677 (2014). Briggs's infringement claims again revolve around Trigger Street's website. ER 1289-90; 1295. But again, as Briggs admits in his Complaint, the website was closed on November 6, 2014. *Id.* As such, the statute of limitations on Briggs's infringement claims expired on November 6, 2017. Because Briggs brought his infringement claims in August 2018, over nine months after they became due, his infringement claims are time barred.

*Fifth and last,* Briggs's claim for an accounting (claim 11) is also time barred. The statute of limitations for an accounting action depends on "the nature of the right sued upon, not the form of action, or the relief demanded." *Jefferson v. J.E. French Co.*, 54 Cal.2d 717, 718 (1960). Due to Briggs's convoluted Complaint, it is impossible to

determine what precisely is the "right sued upon." However, since Briggs has sued for breach of contract, fraud, and copyright infringement, and because the statute of limitations for each of these claims has elapsed, Briggs's accounting action must also be barred as untimely.

Because all of his claims are time barred, Briggs's Complaint was properly dismissed, with prejudice, and the District Court's ruling should be upheld.

## IV.   CLAIMS 1 AND 3-10 FAIL TO STATE A CLAIM FOR ADDITINOAL REASONS

This Court should further affirm the dismissal of Briggs's civil conspiracy, fraud, deceit, concealment, negligence, spoliation of evidence, and international copyright infringement claims (claims 1, 3-10), on the basis that there are additional reasons—beyond those addressed by the District Court—why these causes of action fail to state a claim upon which relief may be granted. Although not addressed by the District Court, this Court may affirm based on any reason evident from the record. *Stevens,* 911 F.3d at 1252.

*First*, Briggs's claim for civil conspiracy (claim 1) fails because "there is no separate tort of civil conspiracy," *Harrell v. 20th Century*

*Ins. Co.*, 934 F.2d 203, 208 (1991) (quoting *Kerr v. Rose,* 216

Cal.App.3d 1551, 1564 (1990)) and "[c]onspiracy is not a cause of

action, but a legal doctrine that imposes liability." *Applied Equipment*

*Corp. v. Litton Saudi Arabia Ltd*. 7 Cal.4th 503, 510–511 (1994).

Because Briggs's claim for conspiracy is not a legitimate cause of

action, it fails to state a claim and should be dismissed.

  *Second*, Briggs's fraud, deceit, and concealment claims (claims

3-5) fail because they do not satisfy the pleading requirements of

Federal Rule of Civil Procedure 9(b).  Rule 9(b) ensures fraud

allegations are specific enough to give defendants notice of the

particular misconduct they are accused of so that they can defend

against the charge and not just deny that they have done anything

wrong.  *Deutsch v. Flannery*, 823 F.2d 1361, 1365 (9th Cir. 1987).

Briggs's fraud, deceit, and concealment allegations fall far below this

high standard, failing even to differentiate between the alleged

misdeeds of the various Defendants.  ER 1335-37; *see Destfino v.*

*Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (holding that for fraud

claims, multiple defendants may not be lumped together, and the

allegations against each defendant must be differentiated).  Because

Briggs's fraud claims fail to provide Defendants with the proper

notice required by Rule 9(b), his fraud, deceit, and concealment claims should be dismissed.

*Third*, Briggs's negligence claims (claims 6-7) fail because Briggs did not, and cannot, allege that Trigger Street breached its duty to him, or that such breach caused Briggs any harm. *Jackson v. AEG Live, Inc*., 233 Cal.App.4th 1156, 1173 (2015) (breach of duty and proximate cause are essential elements of a negligence claim). Throughout the Complaint, Briggs failed to point to any action that could constitute a breach of a duty by Trigger Street. ER 1338-41. Rather, Briggs's claims are limited to allegations that Trigger Street encouraged its website users to use user names, failed to provide Trigger Street's members notice of its principals' travel plans, and failed to notify members of the website's closure. ER 1339. Briggs has not and cannot allege any basis for Trigger Street owing a duty to Briggs regarding this alleged conduct. And because Briggs's claims of duty hold no water, his causation argument is equally defective. ER 1338-41. Because Briggs did not and cannot allege the essential elements of his negligence claims, they should be dismissed.

*Fourth,* Briggs's claim for spoliation of evidence (claim 8) also fails because "there is no tort remedy for the intentional spoliation of

evidence." *Forbes v. Cty. of San Bernardino*, 101 Cal. App. 4th 48, 55-56 (2002) (citing *Cedars-Sinai Medical Center v. Superior Court*, 18 Cal.4th 1, 5 (1998) and *Temple Cmty. Hosp. v. Superior Court*, 20 Cal. 4th 464, 471 (1999)).  Because Briggs's claim for spoliation is not a legitimate cause of action, it fails to state a claim and should be dismissed.

*Fifth and last,* in addition to the ground addressed by the District Court, Briggs's international copyright infringement claims (claims 9-10) fail to satisfy the elements of copyright infringement. "To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (citations omitted).  Claims 9 and 10, however, fail to identify the work that was allegedly infringed, and fail to allege the copying of any protected elements of any work by Trigger Street.  ER 1342-44.  Furthermore, Briggs, by his own admission, voluntarily posted his work on triggerstreet.com.  Trigger Street allowing Briggs to do so—under the express terms of the *Terms of Use* Briggs agreed to—cannot legally or

logically be the basis for a claim of infringement against Trigger Street.

## V.  **CONCLUSION**

Because the District Court properly dismissed Briggs's claims as fatally flawed and improper under the theory of issue preclusion, and because Briggs's claims are time barred and legally deficient on their face, Defendant/Appellee, Trigger Street, respectfully requests that the Court affirm the District Court's judgment in its entirety.


Respectfully submitted,


Dated:  May 28, 2019              **LARSON O'BRIEN LLP**


                                 By: /s/ Stephen G. Larson
                                    Stephen G. Larson
                                    Jonathan E. Phillips
                                    A Alexander Lowder

                                 Attorneys for Appellee Trigger
                                 Street Productions, Inc.

## **CERTIFICATE OF COMPLIANCE**

## **[CAL. RULE OF COURT 8.204(C)]**

The text in this **RESPONDENT'S BRIEF** consists of 5,077

words as counted by the Microsoft Word processing program used to

generate this document.


Dated:  May 28, 2019               **LARSON O'BRIEN LLP**


                                   By: /s/ Stephen G. Larson_____
                                       Stephen G. Larson
                                       Jonathan E. Phillips
                                       A Alexander Lowder

                                   Attorneys for Appellee Trigger
                                   Street Productions, Inc.

## <u>STATEMENT OF RELATED CASES</u>

Pursuant to Ninth Circuit Rule 28-2.6, Defendant-Appellee

state that it is unaware of any related cases currently pending before

the Court.


Dated:  May 28, 2019                    **LARSON O'BRIEN LLP**


By: <u>/s/ Stephen G. Larson</u>
    Stephen G. Larson
    Jonathan E. Phillips
    A Alexander Lowder

Attorneys for Appellee Trigger
Street Productions, Inc.