**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVE K. WILSON BRIGGS, | No. 19-15128 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-04952-VC |
| v. | |
| KEVIN SPACEY; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| SOUND POINT CAPITAL MANAGEMENT, LC, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted February 4, 2020**

Before: FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Steve K. Wilson Briggs appeals pro se from the district court's judgment

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Case: 19-15128, 02/12/2020, ID: 11594237, DktEntry: 22-1, Page 2 of 3

dismissing his action alleging copyright infringement and related claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (failure to state a claim); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 745 (9th Cir. 2006) (preclusion). We affirm.

The district court properly dismissed Briggs's claims except for the breach of contract and international infringement claims on the ground of issue preclusion because the issues involved in those claims were actually litigated and decided in Briggs's prior federal copyright action. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim" (citation and internal quotation marks omitted)); *Howard v. City of Coos Bay*, 871 F.3d 1032, 1040-41 (9th Cir. 2017) (requirements for federal issue preclusion).

The district court properly dismissed Briggs's breach of contract and international infringement claims because Briggs failed to allege facts sufficient to state a plausible claim. *See* 17 U.S.C. § 602(a)(2) (elements of international infringement claim); *Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011) (elements of California breach of contract claim); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally

2                                                                                                                                    19-15128

construed, a plaintiff must allege facts sufficient to state a plausible claim).

To the extent that Briggs contends that the previous federal judgment should be set aside, this constitutes an impermissible collateral attack on that judgment. *See Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1393 (9th Cir. 1987) ("[C]ollateral attacks on the judgments, orders, decrees or decisions of federal courts are improper." (citation omitted)). Contrary to Briggs's contention, Federal Rule of Civil Procedure 60 is not applicable here.

In light of our conclusion that the district court properly dismissed Briggs's action on the merits, we conclude that the district court did not err in failing to rule on Briggs's motion for default judgment prior to entering judgment in favor of defendants. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (factors for determining whether to enter default judgment; default judgments are generally disfavored, and cases should be decided on the merits whenever reasonably possible).

We reject as meritless Briggs's contentions regarding the district court's alleged misconduct.

**AFFIRMED.**